Pearlie F. JEWELL, Petitioner,

v.

OHIO RIVER COMPANY, Respondent,

The Honorable Gerald J. Weber, Judge of the United States District Court for the Western District of Pennsylvania, Nominal Respondent.

No. 18824.

United States Court of Appeals, Third Circuit.

Argued June 25, 1970.

Decided Aug. 21, 1970.

Hymen Schlesinger, Pittsburgh, Pa., for petitioner.

Anthony J. Polito, Rose, Schmidt & Dixon, Pittsburgh, Pa., for respondent.

Before WINTER,* ALDISERT and GIBBONS, Circuit Judges.

## OPINION OF THE COURT

GIBBONS, Circuit Judge.

In a petition for mandamus, plaintiff-petitioner seeks an order directing the district court to grant him a jury trial on an admiralty claim for maintenance and cure joined with a Jones Act (46 U.S.C. § 688 (1964)) claim for consequential damages and counsel fees for negligent refusal to furnish maintenance and cure. Mandamus is appropriate to require a district court to grant petitioner a jury trial. Dairy Queen, Inc. v. Wood, 369 U.S. 469, 82 S. Ct. 894, 8 L.Ed.2d 44 (1962); Beacon Theatres, Inc. v. Westover, 359 U.S. 500, 79 S.Ct. 948, 3 L.Ed.2d 988 (1959); Canister Co. v. Leahy, 191 F.2d 255 (3 Cir.), cert. denied, 342 U.S. 893, 72 S.Ct. 201, 96 L.Ed. 669 (1951).

Petitioner was injured in August, 1964 when, while employed as a seaman, he fell into the bottom of respondent's barge. In November, 1964, he filed separate actions in the Western District of Pennsylvania.

One (Admiralty No. 64–62) sought maintenance and cure and also sought compensatory damages and counsel fees for respondent's failure to furnish maintenance and cure. That admiralty action, heard by a district judge without a jury, resulted in a judgment in petitioner's favor for unpaid maintenance and cure in the sum of $1,057.00. That judgment has been satisfied. In the admiralty action the district court found that libelant's claim for consequential damages for failure to pay maintenance and cure was unwarranted under the evidence.

The other (Civil No. 64–1183) alleged negligence under the Jones Act, unseaworthiness, and resulting permanent injury. In that action petitioner obtained a jury verdict against respondent for $22,533.00. The judgment on that verdict has been satisfied.

In August, 1966, eight months after the judgment in the original Jones Act case and fifteen months after the judgment in the original admiralty action, petitioner filed the suit which gives rise to this mandamus petition. He relies on Cortes v. Baltimore Insular Line, 287 U. S. 367, 53 S.Ct. 173, 77 L.Ed. 368 (1932) for the application of the Jones Act to the claim for negligent failure to furnish maintenance and cure; on Sobosle v. United States Steel Corp., 359 F.2d 7 (3 Cir. 1966) for the proposition that the respondent's duty to furnish mainte-

---

* Circuit Judge of the Court of Appeals for the Fourth Circuit, sitting by designation.

nance and cure survived the original admiralty judgment; and on Fitzgerald v. United States Lines, 374 U.S. 16, 83 S. Ct. 1646, 10 L.Ed.2d 720 (1963) and Haskins v. Point Towing Company, 395 F.2d 737 (3 Cir. 1968) for the right to a single jury trial both on the claim for maintenance and cure and on the claim for consequential damages for failure to provide it.

Respondent, alleging that the duty to furnish maintenance and cure was terminated by the original admiralty judgment, moved for judgment on the pleadings. That motion was denied in the district court on May 5, 1967 and this court declined to entertain an interlocutory appeal filed pursuant to 28 U.S.C. § 1292(b) (1964).

On January 22, 1969, the district court entered an order severing the issue of respondent's ongoing obligation for maintenance and cure from the issue of negligent failure to meet that obligation, and on February 18, 1970, at pretrial, ordered that the first issue be tried non-jury.

Petitioner concedes that his Jones Act claim is entirely dependent upon the existence, after the date of the final judgment in the original admiralty action, of an ongoing obligation to furnish maintenance and cure. Respondent contends (1) that Sobosle v. United States Steel Corp., *supra*, does not apply where there has been a final determination that the seaman has been afforded maximum possible medical cure and (2) that the original admiralty action made such a determination. It contends further, that principles of res adjudicata or collateral estoppel bar a further duty to furnish maintenance and cure.

It may be that the district court intended nothing more than that respondent's contentions raised questions of law which, although they might require a hearing to establish a factual basis for decision, must be decided by the court. If so, the court can decide those legal issues in one trial with a jury. If it decides adversely to petitioner with respect to respondent's ongoing duty to furnish maintenance and cure (an issue on which we express no view at this time) it can enter judgment pursuant to Rule 50(a) Fed.R.Civ.P. If it decides that respondent's obligation was not terminated by the original admiralty judgment it can submit for jury determination both the amount of maintenance and cure and the amount of any consequential damages. The policy of Fitzgerald v. United States Lines, *supra*, and Haskins v. Point Towing Company, *supra*, is that there be but one trial, and that to a jury, if there is any claim as to which there is a right to a jury trial. Questions of law still remain the province of the court.

Since it is not clear that the district court, by its order of February 18, 1970, intended anything more than the procedure suggested here, and since we are certain that the district court would in any event follow our suggested procedure, there is no necessity for the issuance of a writ of mandamus.