**INTERPACE CORPORATION, Petitioner,**

**v.**

**CITY OF PHILADELPHIA et al.,**
**Respondents,**

**and**

**Honorable John Morgan Davis, Judge,**
**United States District Court,**
**Nominal Respondent.**

**No. 19060.**

United States Court of Appeals,
Third Circuit.

Argued Dec. 1, 1970.

Decided Feb. 9, 1971.

Adams, Circuit Judge, dissented and filed opinion.

Lewis H. Van Dusen, Drinker, Biddle & Reath, Philadelphia, Pa. (William E. Willis, John F. Cannon, Sullivan & Cromwell, New York City, on the brief), for petitioner.

David Berger, Cohen, Shapiro, Berger, Polisher & Cohen, Philadelphia, Pa. (Herbert B. Newberg, H. Laddie Montague, Jr., Harold E. Kohn, Philadelphia, Pa., on the brief), for respondents.

Before SEITZ, ALDISERT and ADAMS, Circuit Judges.

## OPINION OF THE COURT

SEITZ, Circuit Judge.

Interpace Corporation (Interpace) seeks a writ of mandamus to compel the district court to vacate its order permitting nine anti-trust actions pending against Interpace to be maintained as class actions. The real respondents here are the plaintiffs in such civil actions and they have moved that we dismiss Interpace's petition on the ground that the order of the district court is not reviewable by mandamus.

Interpace is the successor by merger to Lock Joint Pipe Co., which pleaded nolo contendere in 1966 to an indictment charging that it conspired with other concrete pipe manufacturers to violate the antitrust laws. A treble damage action was instituted against it and some other manufacturers in the Southern District of New York by the City of New York as a class representative of all governmental bodies in the United States. Many, but not all, of the respondents in the class actions below intervened as plaintiffs in the New York action.

Thereafter an action containing allegations of antitrust violations somewhat similar to the New York action was filed in the United States District Court for the Eastern District of Pennsylvania by the City of Philadelphia et al., on behalf of all governmental bodies in the Commonwealth of Pennsylvania. However, the parties and the alleged classes were not identical with those in the New York action. By July 1969, five additional class actions had been filed in the Eastern District of Pennsylvania on behalf of governmental bodies in other states as well as some private parties. Still later, three additional actions were brought there. Meanwhile, the district court in New York ordered that the action pending there should not proceed as a class action. The United States Court of Appeals for the Second Circuit decided that the order was not appealable until final judgment. City of New York v. International Pipe & Ceramics Corp., 410 F.2d 295 (1969). Thereafter, respondents moved that the actions below proceed as class actions. The district court, over objection, granted the motion. After an unsuccessful effort to seek to have the district court certify its determination to this court, Interpace filed the present petition.

■■ We commence our analysis by assuming, as has Interpace, that the challenged class action order was not appealable as of right before final judgment in the absence of appropriate judicial approval. We know, of course, that not every order which is not immediately appealable may be reviewed by mandamus, even though an abuse of discretion is charged. Without laboring the point, we merely note that a Court of Appeals may not undertake a de novo evaluation of the record and itself exercise a discretionary function which is committed to the trial court. See Platt v. Minnesota Mining & Mfg. Co., 376 U. S. 240, 84 S.Ct. 769, 11 L.Ed.2d 674 (1964).

■ Against this background we consider Interpace's asserted grievances. It

first asserts that since the relevant considerations were similar, the Pennsylvania court erred in refusing to consider itself bound by the decision of the New York court and holding that the cases before it could be maintained as class actions. We shall assume, without deciding, that such a contention may under some circumstances justify the use of the writ of mandamus. However, Federal Rule 23(c) (1) itself provides that the ruling on the propriety of a class action may be amended by the court before a final decision on the merits. Since the New York judge could have taken cognizance of a changed factual circumstance, a district court judge hearing another, albeit similar, class action would have at least that same right, indeed the same obligation. Here, not only do the proposed classes in the two actions differ but the Pennsylvania court had more discovery material before it. Interpace contends that such differences were not of sufficient substance to justify a different result in the Pennsylvania action. But we think the resolution of such an argument would be singularly inappropriate in deciding whether a writ of mandamus should issue.

■ Interpace next asserts that the district court should not have permitted the actions to proceed as class actions because of the conflicts of interest of the purported class representatives with the class members. This matter was reviewed by the district court. Without rehashing the facts, we are satisfied that the issues do not rise to a stature that requires the invocation of the extraordinary writ which is sought.

■ Interpace also argues at length that respondents failed to establish the prerequisites to maintaining a class action. We think this type of argument is not a proper matter for consideration by way of mandamus.

■ Finally, Interpace contends that the district court was required to make findings to support its ruling on respondents' motion under Rule 23. Assuming without deciding that a breach of such a duty would be cognizable by mandamus, the short answer is that Rule 52(a) specifically provides that " * * * Findings of fact and conclusions of law are unnecessary on decisions of motions under Rules 12 or 56 or *any other motion * * *"* (emphasis supplied). We cannot read Rule 23(b) (3) as impliedly creating a specific exception to the clear language of Rule 52(a). The casual use of the word "finds" in Rule 23(b) (3) is not significant, since the same terminology is employed in a motion context in several other Rules, including Rules 32(a) (3), 37(a) (4) & (c), and 39(a). The language in question refers merely to the preliminary determinations the court must make before deciding the class action issue and does not require an express, objective articulation of those determinations.

■ We feel compelled to add the following observation. Although the district court is not required to make findings in deciding a motion of the type here involved, we do think that where, as here, the district court is presented with conflicting positions of substance as to how it should exercise its discretion in determining whether to permit a class action, it is a salutary practice to give the litigants, either orally or in writing, at least a minimum articulation of the reasons for its decision. This is particularly true because of the practical importance of such a determination and the limited possibility of obtaining a seasonable review of the determination.

In summary, Interpace asks us to reverse, by way of mandamus, the order of the district court. Under the circumstances of this case such action would constitute an unwarranted exercise by this court of the discretion which the Rules commit to the district court.

The petition for a writ of mandamus will be denied.

ADAMS, Circuit Judge (dissenting).

The central question presented by this petition for mandamus is whether a dis-

trict court must make findings to support an order that a case be maintained as a class action under Fed.R.Civ.P. 23(b) (3). The majority finds this question answered simply by reference to the last sentence of Rule 52(a). I believe the matter to be somewhat more complex, and in any event wrongly decided by the majority.

The last sentence of Rule 52(a) was added in the 1946 Amendments to the Federal Rules of Civil Procedure. That sentence provides:

"Findings of fact and conclusions of law are unnecessary on decisions of motions under Rules 12 or 56 or any other motion except as provided in Rule 41(b)."

Even apart from its application to Rule 23, this sentence of Rule 52(a) has caused disquiet among commentators when questions of fact are required to be resolved in the determination of motions.[1] From its inception, Rule 52(a) has provided that "in all actions tried upon the facts" to the court, the judge must make findings of fact. Professor Moore indicates that the 1946 amendment was bottomed generally on the theory that in the disposition of motions directed to the pleadings or for summary judgment the facts are often not in dispute, and indeed in a motion for summary judgment must not be in dispute. When, however, factual issues must be resolved in ruling on a motion, Professor Moore maintains that the opinion expressed before the amendment of Rule 52(a) in King v. Wall & Beaver Street Corp., 76 U.S.App.D.C. 234, 145 F.2d 377, 381 (1944) (issues of fact raised in motion to dismiss for improper venue require findings of fact in their disposition) should be carried forward. His treatise comments are as follows:[2]

"Although the literal language of the 1946 amendment stating that findings are unnecessary on decisions of motions under Rule 12 may obviate the [decision in the *King* case, *supra*], we do not believe that it should for two reasons. The 1946 amendment should be read in conjunction and harmonized with the earlier provisions of the Rule requiring findings in all actions 'tried upon the facts'; and the reasons for findings of fact are equally pertinent to this proceeding."

Even assuming that the above view is not accepted with its full vigor, the language of Rule 23 itself implies that findings of fact must be made. Rule 23, as amended in 1966, twenty years after the amendment to Rule 52(a), provides in pertinent part:

"(b) An action may be maintained as a class action if the prerequisites of subdivision (a) are satisfied, and in addition * * * (3) the court *finds* that questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. The matters pertinent to the *findings* include * * * " (emphasis added).

Use of the terms "finds" and "findings" by the drafters in the later and more specific rule may hardly be considered accidental. The Advisory Committee's notes echo these terms, stating, for example, that "[t]he court is required to *find*, as a condition of holding that a class action may be maintained under this subdivision, that the questions common to the class predominate over the questions affecting individual members." Further, "[f]actors (A)—(D) are listed, non-exhaustively, as pertinent to the findings."[3] So also various commentators have noted that the "find-

---

1. See generally, 5 J. Moore, Federal Practice ¶ 52.08 (2d Ed. 1970), cited hereinafter as "Moore."

2. 5 Moore ¶ 52.08 at 2738–2739. But compare B.J. Semel Associates, Inc. v. United

Fireworks Mfg. Co., 122 U.S.App.D.C. 402, 355 F.2d 827, 830 (1965).

3. 3 B Moore ¶ 23.01 [10.–3] (emphasis added).

ings" language distinguishes a Rule 23(b) (3) class action from one qualifying under 23(b) (1) or (2).[4] A primary reason for such extra requirements is that Rule 23(b) (3) now makes binding on all class members a decision which formerly—under the designation of a "spurious" class action—might bind only the actual litigants.[5] The possibilities under the Rule for extremely broad geographical, temporal and substantive actions make imperative a more stringent definition of "class," and justify placing a greater responsibility on the trial court than existed prior to 1966.[6] Nor can we disregard the expanding use of the class action device in important litigation matters affecting substantial portions of our citizenry. Because of the dangers for abuse, therefore, courts of appeals should insist that the requirements of Rule 23(b) (3) be met in each case.

The majority opinion invokes Rules 32(a) (3), 37(a) (4), 37(c) (all revised in 1970) and 39(a) in order to characterize the use of the words "finds" and "findings" in Rule 23 as being merely "casual," and in any event not designed to require an "express, objective articulation" for the district court's determination. However, none of these rules uses the term "findings" as does Rule 23(b) (3). Moreover, under Rules 32 (a) (3), 37(a) and (c), the judicial determinations are likely to involve fewer disputed questions of fact than those required by Rule 23(b) (3). And the denial of a jury trial under Rule 39(a)

is even more clearly a legal question which ordinarily would not call for findings of fact. It may be noteworthy that such denial is unquestionably reviewable by the writ of mandamus. Jewell v. Ohio River Co., 431 F.2d 691 (3rd Cir. 1970).

In each of the above situations, I believe the district court is required at least to state in the language of the particular rule that it "finds" a witness is dead or lives more than 100 miles from the place of trial (Rule 32(a) (3)); or that a deponent's opposition to a motion to compel an answer is "substantially justified" (Rule 37(a) (4)); or that a party is not entitled for one or more of the four specified reasons in the rule to receive the costs of proving a matter the other party refused to admit (Rule 37(c)); or that a right to a jury trial does not exist "under the Constitution or statutes of the United States" (Rule 39(a)). In this case, the District Court did not even preface its order with a conclusory statement concerning compliance with Rule 23(b) (3)—which apparently the majority would require —but only tracked the language of the plaintiffs' complaints in defining the classes which could be maintained,[7] leaving us to presume that he had found the requirements of Rule 23 to be satisfied. That presumption is of little aid to an appellate court when it must review Rule 23 determinations. It is not without significance that the District Court made its naked determination some months after itself requesting and re-

---

4. Professor Kaplan, reporter to the Advisory Committee on Civil Rules from 1960 to July 1, 1966 and thereafter a member of the Committee, states: "The new provision invites a close look at the case before it is accepted as a class action and even then requires that it be specially treated. After any necessary hearings, the court must have made an express finding that common questions not only exist but 'predominate' over questions touching only individual members of the class * * * The court must also have found expressly that a class action is 'superior' to other means of disposing of the par-

ticular set of quarrels." B. Kaplan, Continuing Work of the Civil Committee: 1966 Amendments of the Federal Rules of Civil Procedure (I). 81 Harv.L.Rev. 356, 390 (1967); see also 3 B Moore ¶ 23.45[4].

5. See generally Kaplan, supra note 4 at pages 394–400; 3 B Moore ¶ 23.45 [4–5].

6. See generally Green v. Wolf Corp., 406 F.2d 291 (2d Cir. 1968); Kaplan, supra note 4 at 395.

7. Cf. Roberts v. Ross, 344 F.2d 747, 751–752 (3rd Cir. 1965).

ceiving proposed findings on the Rule 23 motions.

That the language of Rule 23(b) (3) requires findings by a trial judge is also supported by Rule 23(c) (1): "As soon as practicable after the commencement of an action brought as a class action, the court shall determine by order whether it is to be so maintained." That is, a class action determination need not be made pursuant to a motion at all, but may be made by the courts sua sponte.[8] In that situation, the first sentence of Rule 52(a) ("In all actions tried upon the facts without a jury * * * the court shall find the facts specially * * *") itself would seem to require that findings be made. In any event, the last sentence in Rule 52(a) would not then be the universal bar to the necessity for findings which the majority holds it to be. The requirement of specific findings in Rule 23(b) (3) should not turn on whether the court performs its duty at the instance of a party's motion rather than upon some other prompting.

The preferable[9] manner for this Court to consider substantial questions regarding the operation of Rule 23 is through the certification procedure for interlocutory appeals provided in 28 U.S.C. § 1292(b). That method was sought here by the petitioners, but the District Court refused to certify the matter.

Assuming the District Court had a non-discretionary duty under the Federal Rules of Civil Procedure to make findings in class action determinations, an arbitrary refusal to perform that duty may be remedied by this Court through the writ of mandamus authorized by 28 U.S.C. § 1651.[10] *See e. g.,* Beacon Theatres, Inc. v. Westover, 359 U.S. 500, 79 S.Ct. 948, 3 L.Ed.2d 988 (1959); La Buy v. Howes Leather Co., 352 U.S. 249, 77 S.Ct. 309, 1 L.Ed.2d 290 (1957); McDonnell Douglas Corp. v. Polin, 429 F.2d 30 (3rd Cir. 1970). *Cf.* Rapp v. Van Dusen, 350 F.2d 806, 811, 813 (3rd Cir. 1965) (en banc); Chicken Delight, Inc. v. Harris, 412 F.2d 830 (9th Cir. 1969). Functionally, such use of mandamus would not violate the strong and generally salutary policy against interlocutory appeals. Rather, the writ is an appropriate tool for use by this Court in dealing effectively with the occasional, or indeed rare, failures by a district court to comply with the Federal Rules—the very cases in which a § 1292(b) certification is least likely to be granted by the trial judge. To require that remedial action in such limited situations await the end of the litigation would conceivably enable the judge to insulate his erroneous action for a length of time unfair or intolerable to the wronged party. Especially in class action matters such delay may be improperly prejudicial to the litigants.

---

8. See e. g., Johnson v. City of Baton Rouge, 50 F.R.D. 295, 298 (E.D.La.1970).

9. See Kaplan, *supra* note 4 at 390, footnote 131. In Rapp v. Van Dusen, 350 F.2d 806, 813 (3rd Cir. 1965), this Court sitting en banc announced the rule for this circuit that petitions for mandamus "should allege that an unsuccessful request was made for certification under

§ 1292(b), or why such an application was inappropriate in the circumstances."

10. I am in full accord with the majority's disposition of petitioner's requests that we substitute our judgment on the merits of the various questions involved in the class action determination for that of the District Court. Such matters are not a proper subject for the writ of mandamus.