**30**

McDONNELL DOUGLAS CORPORA-
TION et al., Petitioners,

v.

Howard POLIN, Respondent,

and

The Honorable A. Leon Higginbotham, Jr.,
Nominal Respondent,

and

Louis J. Cutrona, Richard D. Mange, R. A.
Olsen, William D. Prosnitz and Keeve
M. Siegel, Additional Nominal Respond-
ents.

CONDUCTRON CORPORATION et al.,
Petitioner,

v.

Howard POLIN, Respondent,

and

The Honorable A. Leon Higginbotham, Jr.,
Nominal Respondent,

and

Louis J. Cutrona, R. A. Olsen, Richard D.
Mange, Keeve M. Siegel and William
D. Prosnitz, Additional Nominal Re-
spondents.

Nos. 18797, 18798.

United States Court of Appeals,
Third Circuit.

Argued June 2, 1970.

Decided July 10, 1970.

Rehearing Denied Aug. 19, 1970.

Veryl L. Riddle, Bryan, Cave, Mc-
Pheeters & McRoberts, St. Louis, Mo.
(Morgan, Lewis & Bockius, Philadelphia,
Pa., Donald A. Scott, Howard L. Shec-
ter, Philadelphia, Pa., Thomas S. Mc-
Pheeters, Jr., St. Louis, Mo., on the
brief), for petitioners.

William T. Coleman, Dilworth, Paxson,
Kalish, Kohn & Levy (Edward F. Man-
nino, Harold E. Kohn, Philadelphia, Pa.,
Marcus Manoff, Dilworth, Paxson, Kal-
ish & Levy, Philadelphia, Pa., on the
brief), for respondent.

Before GANEY, FREEDMAN and
SEITZ, Circuit Judges.

OPINION OF THE COURT

PER CURIAM:

These petitions for writs of mandamus
seek to compel the nominal respondent
either "(1) to transfer the cases pending
in the district court to the Eastern Dis-
trict of Missouri, pursuant to 28 U.S.C.
§ 1404(a) or (2) rule finally upon the
motion for transfer prior to the com-
mencement of discovery upon the merits
of the action."

The lower court held that all matters
of discovery should be fully completed
before any action is taken on the said
motion pending inquiry into the merits
thereof either by discovery or by prelim-
inary rulings on questions of law.

To undertake a consideration of the
merits of the action is to assume, even
temporarily, that there will be no trans-
fer before the transfer issue is decided.
Judicial economy requires that another
district court should not burden itself
with the merits of the action until it is
decided that a transfer should be effected
and such consideration additionally re-
quires that the court which ultimately de-
cides the merits of the action should also
decide the various questions which arise
during the pendency of the suit instead
of considering it in two courts.

Therefore, we feel it is not proper to
postpone consideration of the application
for transfer under § 1404(a) until dis-
covery on the merits is completed, since
it is irrelevant to the determination of

the preliminary question of transfer. Even if on the motion to transfer certain factual questions appear, and though the inquiries may overlap, they should not be merged and wise discretion should be exercised in preventing such discovery from leading into the merits of the claim.

While the lower court did not decide specifically the motion to transfer, but postponed it until the depositions relating to the merits were resolved, this amounted to a failure to decide the transfer issue until a later stage of the case.

The district court's order, therefore, should be vacated and the motion to transfer under § 1404(a) should be considered and decided after giving both parties an opportunity to complete their discovery solely with respect to the question of transfer, and then only if the court should deny the motion to transfer should discovery be permitted to go forward.

The issuance of a formal writ of mandamus is unnecessary here as we expect Judge Higginbotham, the nominal respondent, to vacate the order of February 4, 1970, denying without prejudice the motion to transfer under § 1404(a) and to carry out the views expressed in this opinion.