Alfred BLASBAND, on behalf of all others similarly situated, Petitioner,

v.

Steven M. RALES, Mitchell P. Rales and John Doe 1–10 and Danaher Corporation, Respondents

and

The Honorable James L. Latchum, Senior Judge, United States District Court; the Honorable E. Norman Veasey, Chief Justice, Delaware Supreme Court; the Honorable Henry R. Horsey, the Honorable Andrew G.T. Moore, II, the Honorable Joseph T. Walsh, and the Honorable Randy J. Holland, Associate Justices, Delaware Supreme Court, Nominal Respondents.

No. 92–7501.

United States Court of Appeals, Third Circuit.

Argued Oct. 22, 1992.

Decided Nov. 12, 1992.

Stephen A. Whinston (argued) and Arthur Stock, Berger & Montague, P.C., Philadelphia, Pa., for petitioner.

Stephen P. Lamb (argued), Robert A. Glen, Robert E. Zimet, Joseph Guglielmelli, Cathy L. Reese, Jaya B. Gokhale and Peri B. Erlanger, Skadden, Arps, Slate, Meagher and Flom, Wilmington, Del., for respondents Stephen M. Rales and Mitchell P. Rales.

David C. McBride, Young, Conaway, Stargatt & Taylor, Wilmington, Del., for respondent Danaher Corp.

Before: STAPLETON, GREENBERG, and SCIRICA, Circuit Judges.

## OPINION OF THE COURT

GREENBERG, Circuit Judge.

Alfred Blasband initiated this proceeding by filing a petition with this court seeking a writ of mandamus directed to the Honorable James L. Latchum, a senior United States District Judge for the District of Delaware, and to the justices of the Delaware Supreme Court. In resolving this case we need only summarize the unusual underlying procedural history and the operative facts leading to the filing of the petition.

## I.

## BACKGROUND

This case arises in the aftermath of our opinion and mandate in *Blasband v. Rales*, 971 F.2d 1034 (3d Cir.1992), which we will call *Blasband*. In that case, Blasband brought a shareholder derivative suit against two brothers, Steven M. Rales and Mitchell P. Rales, as well as against certain John Doe defendants and the Danaher Corporation. Blasband asserted that the Rales brothers, who were the dominating shareholders of both Easco Hand Tools, Inc. and Danaher, violated their fiduciary duties to Easco by investing proceeds of an Easco "Note Offering" in highly speculative junk bonds, as consideration for the brothers'

business dealings with Drexel Burnham Lambert Incorporated. Blasband claimed to have standing to bring the action because he had been a shareholder of Easco when the notes were sold and the investments were made and became a shareholder of Danaher when Easco later was merged into Danaher.

On the defendants' motion, the district court dismissed the derivative suit on the ground that Blasband had not made an appropriate demand on Danaher's directors to take action and did not establish demand futility. Furthermore, the district court held that as a result of the merger, Blasband lacked standing to bring the action. *Blasband ex rel. Danaher Corp. v. Rales*, 772 F.Supp. 850 (D.Del.1991).

Blasband appealed and we reversed. Blasband acknowledged that he had not made an appropriate demand on the directors and we agreed with the district court that Blasband had not adequately established demand futility. However, after an extensive analysis of Delaware law which the parties agreed was controlling, we concluded that "Blasband has satisfied Delaware's statutory and common law standing requirements to maintain this derivative action." 971 F.2d at 1046. Therefore, inasmuch as we "disagree[d] with [the district court's] conclusion that Blasband did not have standing to pursue a derivative claim on Danaher's behalf," 971 F.2d at 1055, we remanded the matter to the district court so that Blasband could move to amend his complaint to allege demand futility and to add Easco as a party.[1] On September 9, 1992, the clerk issued our judgment in conformity with the opinion in lieu of formal mandate.

At that point, the district court took an unusual step. On September 16, 1992, pursuant to Article IV, § 11(9) of the Delaware Constitution and Rule 41 of the Rules of the Delaware Supreme Court, the district court signed an "Order Certifying Question of Law to the Delaware Supreme

---

1. We held that Easco should be a party, as Blasband had to demonstrate demand futility as to its board of directors.

Court." The order described the procedural history of *Blasband* and indicated that, in the district court's view, our opinion "ignore[d] the mandate" of Delaware General Corporation Law § 327, Del.Code Ann. tit. 8, § 327 (1983).[2] The order further indicated that we had misconstrued *Lewis v. Anderson*, 477 A.2d 1040 (Del.1984), the seminal Delaware case concerning the contemporaneous ownership requirement in Delaware derivative actions which, in view of the merger, was a barrier Blasband had to clear to have standing. The district court emphasized what it saw as Delaware's crucial interest in correcting possible misconstruction of its corporation law by the federal courts:

> If the decision of the Court of Appeals is found to be contrary to Delaware law, the Delaware Supreme Court should make that determination promptly in order to avoid future confusion from a nonbinding source and to neutralize a contaminating opinion relating to Delaware corporate law.

Ultimately the district court in the order certified the following question to the Delaware Supreme Court: "Does plaintiff Blasband have standing to bring a derivative stockholders suit on behalf of Danaher Corporation under the undisputed facts of this case?" On September 22, 1992, the Delaware Supreme Court accepted the certification and entered an order providing a briefing schedule.

As might be imagined, this turn of events did not sit well with Blasband. Accordingly, when the district court certified the matter to the Supreme Court, Blasband filed a petition for a writ of mandamus with this court seeking an order compelling the district court to withdraw and vacate its order certifying the question to the Supreme Court. Blasband, however, withdrew his initial petition when the Supreme Court accepted the certification and filed a substituted petition naming the defendants in *Blasband* as respondents and the district court and the justices of the Delaware Supreme Court as nominal respondents. In his substituted petition, which we will simply call the "petition," Blasband seeks both an order directing the district court to withdraw its certification of the question and an order directing the Delaware Supreme Court to withdraw and vacate its order accepting certification. Furthermore, Blasband asks that we direct that the case be reassigned to another judge. On Blasband's motion we expedited review of the petition, following which Blasband and the respondents, but not the nominal respondents, filed briefs. In a significant procedural development after Blasband filed his petition, the Delaware Supreme Court on September 30, 1992, stayed the proceedings on the certified question.

## II.

## THE CONTENTIONS

Blasband argues that his petition meets the criteria for the issuance of a writ of mandamus and that the district court did not have the authority to certify the question because its certification violated our mandate and was not authorized by Delaware Supreme Court Rule 41. Blasband further urges that we have the authority to issue a writ of mandamus to the Delaware Supreme Court if necessary to carry out our mandate in *Blasband*. Nevertheless he suggests that "in the interest of comity" we first should direct the district court to withdraw its certification and only issue mandamus to the Delaware Supreme Court if it thereafter retains jurisdiction over the certified question. Finally, Blasband urges that the derivative suit should be reassigned to a different district judge because Judge Latchum's actions demonstrate a lack of either impartiality or the appearance of impartiality.

The respondents argue that substantial interests favor a determination by the Delaware Supreme Court of the question certified. In this regard, they affirmatively contend that Delaware has a compelling interest in having its courts decide issues of Delaware corporation law and that certification of unsettled issues of state law to state supreme courts is a favored proce-

---

**2.** In fact, we discussed the statute at length and held that its purposes were satisfied.

dure, *citing Lehman Bros. v. Schein*, 416 U.S. 386, 94 S.Ct. 1741, 40 L.Ed.2d 215 (1974), and furthers the policies of *Erie R. Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). They also urge that the district court did not violate our mandate, the certification does not interfere with our jurisdiction, and Blasband has no cognizable interest in preventing the Delaware Supreme Court from deciding the certified question. The respondents negatively argue that the Anti–Injunction Act, 28 U.S.C. § 2283, bars us from granting Blasband the relief he seeks and that we do not have jurisdiction to issue a writ of mandamus to the Delaware Supreme Court. Finally, they contend that Blasband has not offered a legitimate reason for a reassignment of the derivative suit to a different judge.

## III.

## DISCUSSION

### 1. *What is not involved here*

This case does not involve a confrontation between federal and state courts or sovereignty. The Delaware Supreme Court became involved in the derivative suit only because it was invited to do so by the district court. Then when the Supreme Court became aware of Blasband's petition, it stayed the certification proceedings. Accordingly, we cannot presume that if we issue a writ of mandamus to the district court compelling it to withdraw its order of certification, the Supreme Court will continue the certification proceedings.

In a like vein, we have no intention of interfering with the proceedings of the Delaware Supreme Court. Thus, we will not consider Blasband's argument that Delaware Supreme Court Rule 41 did not authorize the certification, a contention he predicates on the wording of the rule, which permits certification when "the certifying court has not decided the question in the case." Furthermore, because there is no need at this time for us to interfere with the proceedings in the Supreme Court, we have no reason now to consider whether the Anti–Injunction Act bars this action

against the justices of the Supreme Court or whether we otherwise lack jurisdiction to issue a mandamus to them.

Of course we continue to acknowledge, as we did in *Blasband*, that Delaware substantive law is controlling on the standing issue. Thus, Blasband's petition does not invite us to denigrate Delaware's interest in its own corporation law. In fact, we believe that it might well have been appropriate for the district court to have certified the standing issue to the Supreme Court before it dismissed the derivative suit. Furthermore, we recognize that in some future shareholder derivative case the district court might find it appropriate at the outset to certify a similar standing issue to the Delaware Supreme Court.

### 2. *The real issue*

What then is involved in this case? In reality we are concerned only with the exclusively federal matter of the district court's duty when a court of appeals remands a case and of that there can be no doubt:

> It is axiomatic that on remand for further proceedings after decision by an appellate court, the trial court must proceed with the mandate and the law of the case as established on appeal. A trial court must implement both the letter and spirit of the mandate, taking into account the appellate court's opinion and the circumstances it embraces. 'Where the reviewing court in its mandate prescribes that the court shall proceed in accordance with the opinion of the reviewing court, such pronouncement operates to make the opinion a part of the mandate as completely as though the opinion had been set out at length.'

*Bankers Trust Co. v. Bethlehem Steel Corp.*, 761 F.2d 943, 949 (3d Cir.1985) (citations omitted).

We recently reiterated this view in *Delgrosso v. Spang & Co.*, 903 F.2d 234, 240 (3d Cir.) ("When an appellate court directs the district court to act in accordance with the appellate opinion ... the opinion becomes part of the mandate and must be considered together with it." citing *Bankers*

*Trust* ), *cert. denied,* —— U.S. ——, 111 S.Ct. 428, 112 L.Ed.2d 412 (1990).

Notwithstanding these well-established principles, the district court failed to carry out our mandate in *Blasband.* It is simply not possible to read *Blasband* without concluding that we held that *Blasband* had standing. Whether the Delaware Supreme Court might have reached a different result if the derivative suit had been brought in the state courts, or if the standing question had been certified to it before the district court dismissed the action, our opinion nevertheless was conclusive on the standing point in the derivative suit. Thus our mandate was clear: the derivative suit was to go forward as Blasband had standing and he could seek leave to amend to allege demand futility and to add Easco as a defendant.

 The respondents attempt to justify the district court's certification by correctly pointing out that *Blasband* did "not address in any way the District Court's discretion to certify questions of law to the Delaware Supreme Court." Nevertheless the certification was barred, for the district court used that device in an attempt to negate our holding and thereby circumvent our mandate.

The respondents essentially admit that the district court intended to do exactly that, for in their brief they state:

If the Delaware Supreme Court determines that Delaware law provides Blasband with standing to assert the derivative claims, then this Court's mandate will be unaffected. If the Delaware Supreme Court determines the standing issue differently from this Court, then the defendants may petition this Court to recall and modify its mandate.

Brief at 5.

Thus, the respondents implicitly acknowledge, and correctly so, that under our mandate in *Blasband,* Blasband must be recognized as having standing in the derivative suit. Otherwise there would be no need for a motion in *Blasband* to recall our mandate if the Delaware Supreme Court concluded that Blasband did not have standing. Overall, therefore, it is manifest that the district court failed to "implement both the letter and spirit of the mandate" as required by *Bankers Trust Co. v. Bethlehem Steel Corp.,* for it attempted to secure a *de facto* reversal of our decision by reference to the state court of an issue that we already had decided for purposes of future proceedings in the federal case.

### 3. *The remedy*

 In these circumstances, the remedy is obvious. Mandamus may be issued when the petitioner shows he has no other means available to obtain the desired relief and that his right to issuance of the writ is clear and indisputable. *Communications Workers of America v. AT & T,* 932 F.2d 199, 208 (3d Cir.1991). Here mandamus is the only method available to compel the district court to comply with our mandate and to withdraw its certification to the Delaware Supreme Court. Furthermore, as we have demonstrated, Blasband unquestionably is entitled to relief, for we conclusively determined that he has standing in the derivative suit. *Delgrosso v. Spang & Co.* makes it clear that in these circumstances mandamus should be granted, for as we indicated there "courts have consistently issued the writ when a district court has failed to adhere to an appellate court mandate." 903 F.2d at 237. This is precisely what happened on the remand in *Blasband.*

### 4. *The reassignment*

 Blasband's request for reassignment raises a problematic issue. Clearly the district court, though bound to respect our determination, instead sought to circumvent our mandate. Furthermore, its approach of not certifying the standing question to the Supreme Court before *it* ruled, but then certifying the matter after *we* reversed it, reflects a misunderstanding of the hierarchical federal judicial system. But that said, we still see no basis for ordering a reassignment of the case, for there is nothing in the district court's conduct or in the language of its certification to suggest that it cannot adjudicate this case fairly or even to give the appearance that it cannot. Indeed, it is evident that

the district court's frustration is with what it viewed as an incorrect determination of Delaware law by this court and not with Blasband. Thus this case differs from *Haines v. Liggett Group, Inc.*, No. 975 F.2d 81 (3d Cir.1992), on which Blasband relies, as there we were required to remove the district judge to vindicate the appearance of impartiality toward the defendants. Accordingly, we will not order the case reassigned.

## IV.

### CONCLUSION

In view of the aforesaid, we will dismiss this action without prejudice as to the justices of the Delaware Supreme Court, but will grant the petition for a writ of mandamus and direct the district court to vacate the order of September 16, 1992, certifying the question to the Delaware Supreme Court and further will direct the district court to notify the Supreme Court that the request for certification has been withdrawn. The parties will bear their own costs on this proceeding.