Steven M. RALES, Mitchell P. Rales, and John Doe 1–10, Defendants Below, Appellants,

and

Easco Hand Tools, Inc. and Danaher Corporation, Nominal Defendants Below, Appellants,

v.

Alfred BLASBAND, derivatively and on behalf of Easco Hand Tools, Inc. and Danaher Corporation, Plaintiff Below, Appellee.

Supreme Court of Delaware.

Submitted: June 10, 1993.
Decided: June 16, 1993.

---

Stephen P. Lamb of Skadden, Arps, Slate, Meagher & Flom, Wilmington, for appellants Steven M. Rales and Mitchell P. Rales.

David C. McBride of Young, Conaway, Stargatt & Taylor, Wilmington, for nominal defendants-appellants Easco Hand Tools, Inc. and Danaher Corp.

Mark Minuti of Saul, Ewing, Remick & Saul, Wilmington, and Stephen A. Whinston of Berger & Montague, Philadelphia, for appellee.

Before VEASEY, Chief Justice, HORSEY and HOLLAND, Justices.

HOLLAND, Justice:

The United States District Court for the District of Delaware ("Delaware District Court") certified a question to this Court in accordance with the Delaware Constitution, art. IV, Section 11(9), and Delaware Supreme Court Rule 41. Specifically, by order dated June 10, 1993, the following question has been certified:

> In the context of this novel action, which is neither a simple derivative suit nor a double derivative suit, but which the United States Court of Appeals for the

Third Circuit describes as a "first cousin to a double derivative suit," has plaintiff Alfred Blasband, in accordance with the substantive law of Delaware, alleged facts to show that demand is excused on the board of directors of Danaher Corporation, a Delaware corporation?

The record in the Delaware District Court reflects that, pursuant to an opinion and mandate of the United States Court of Appeals for the Third Circuit, the plaintiff, Alfred Blasband, moved to amend his complaint to allege demand futility and to name Easco Hand Tools, Inc. ("Easco") as a party. *Blasband v. Rales*, 3rd Cir., 971 F.2d 1034 (1992). The Delaware District Court issued an order on February 17, 1993, granting the plaintiff leave to amend his complaint.

The plaintiff filed a verified amended complaint, naming Easco as a nominal defendant and containing new allegations of demand futility. On March 3, 1993, the defendants, Steven M. Rales and Mitchell P. Rales, and the nominal defendants, Easco and Danaher Corporation, moved to dismiss the verified amended complaint. On that same day, the two Rales defendants and the nominal defendants also filed a motion requesting that the Delaware District Court certify the aforementioned question of law to this Court.

The certificate of the Delaware District Court states, with particularity, its view of why there are important and urgent reasons for an immediate determination by this Court of the question certified, to wit:

> The Court of Appeals decision created a novel cause of action under Delaware law, which the Court of Appeals referred to as a "first cousin to a double derivative suit." *Blasband*, 971 F.2d 1047 n. 14. The Delaware Supreme Court has not heretofore considered the requirements for alleging demand futility with respect to this novel cause of action. Accordingly, the question of whether plaintiff's verified amended complaint properly alleges demand futility is one of first impression.

The instant certification of a question of law arises in the procedural context of a

pending motion to dismiss the allegations of the verified amended complaint. Unlike the issue of standing, which was certified to this Court and subsequently withdrawn, the question presently certified to this Court has not already been resolved by the United States Court of Appeals for the Third Circuit. *Blasband v. Rales*, 3rd Cir., 979 F.2d 324 (1992).* A final judgment has also not been entered in this matter by the Delaware District Court.

 The material facts are not in dispute. The issue of whether demand is excused or required is a matter of substantive Delaware corporation law. *Draper v. Paul N. Gardner Defined Plan Trust*, Del.Supr., 625 A.2d 859 (1993) (citing *Levine v. Smith*, Del.Supr., 591 A.2d 194, 207 (1991)). In fact, the United States Supreme Court has "relied almost exclusively upon Delaware's analysis of the demand rule as a substantive principle of law even though it had a Maryland corporation before it." *Id.* (citing *Kamen v. Kemper Fin. Serv., Inc.*, — U.S. —, 111 S.Ct. 1711, 114 L.Ed.2d 152 (1991)).

 The question certified is one involving the corporation law of the State of Delaware. The issue presented is apparently one of first impression. Thus, there appear to exist important and urgent reasons for an immediate determination by this Court of the substantive rights implicated by the question certified.

Therefore, in accordance with the provisions of the Delaware Constitution, art. IV, § 11(9), and Rule 41 of this Court, the question certified by the United States District Court for the District of Delaware is hereby ACCEPTED. Having accepted this certification, the parties shall file their briefs in this Court in the following order:

Opening Brief by Steven M. Rales, Mitchell P. Rales, Danaher Corporation, and Easco Hand Tools, Inc., Appellants

Answering Brief by Alfred Blasband, derivatively on behalf of Easco Hand Tools, Inc. and Danaher Corporation, Appellee

Reply Brief by Steven M. Rales, Mitchell P. Rales, Danaher Corporation, and Easco Hand Tools, Inc., Appellants.

The Clerk of this Court is directed to issue a briefing schedule.

---

* In the future, if there is a question about the interpretation of Delaware law, a remedy is now available which could be exercised by the federal courts. Pursuant to an amendment to Article IV, § 9, of the Delaware Constitution, adopted in January of this year, the Delaware Supreme Court now has jurisdiction to hear and determine questions of law certified to it by any Article III federal court or the highest appellate court of any other state where it appears to the Delaware Supreme Court "that there are important and urgent reasons for an immediate determination of such questions by it." The Delaware Supreme Court has adopted a new Supreme Court Rule 41(a)(ii) to facilitate such a certification. The issue of whether certification is appropriate is discretionary both with the certifying court and with the Delaware Supreme Court. *Draper v. Paul N. Gardner Defined Plan Trust*, Del.Supr., 625 A.2d 859 (1993).