

1996 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-3-1996

# Madden v. Myers

Precedential or Non-Precedential:

Docket 96-8046

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_1996

Recommended Citation

"Madden v. Myers" (1996). *1996 Decisions.* Paper 2.
http://digitalcommons.law.villanova.edu/thirdcircuit_1996/2

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 1996 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 96-8046
_____

RONALD MADDEN,

Petitioner

v.

KEVIN MYERS,

Respondent

Honorable Malcolm Muir,
United States District Judge

Nominal Respondent.
_____

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Civ. No. 96-cv-00239)
_____

Submitted Under Third Circuit LAR 34.1(a)
August 8, 1996

Before: BECKER, ALITO and MCKEE, Circuit Judges.
(Motions Panel A)

(Filed December 3, 1996)

RONALD MADDEN,
            # 107247
South Central Correctional Facility
P.O. Box 279
Clifton, TN                          38425-0279

            Petitioner Pro Se

KEVIN MYERS
South Central Correctional Facility
P.O. Box 279
Clifton, TN  38425-0279

            Respondent Pro Se

HONORABLE MALCOLM MUIR
United States District Judge
P.O. Box 608

Williamsport, PA  17703

Nominal Respondent

OPINION OF THE COURT

BECKER, Circuit Judge.

Ronald Madden petitions this Court under 28 U.S.C. § 1651(a) for a writ of
mandamus requiring the district court to promptly act upon his request for habeas corpus relief.
In his habeas petition filed in the District Court for the Middle District of Tennessee, but
transferred to the District Court for the Middle District of Pennsylvania, Madden challenged his
extradition from Pennsylvania to Tennessee.  On February 21, 1996, nine days after receiving the
submission, the magistrate judge filed a report recommending that the habeas petition be denied.
On March 4, 1996, Madden filed objections to the magistrate judge's report, and, on July 15, he
filed this mandamus petition.  The petition was accompanied by an application to proceed informa pauperis; hence we must determine whether the filing fee payment requirements of the
Prison Litigation Reform Act of 1996 ("PLRA" or "Act")apply to mandamus petitions.  Because
we believe that the present petition is not the type of action that Congress meant to deter when it
passed the PLRA, we hold that the fee requirements of the PLRA do not apply.  On the merits,
we deny the mandamus petition.

I.
A.
Before turning to the merits of Madden's petition, we must determine whether he
may proceed in forma pauperis, and, if so, whether he must pay a filing fee of $100.00 pursuant
to the PLRA.  The PLRA dramatically altered the consequences attached to in forma pauperisstatus for prisoners.  28 U.S.C. § 1915; see Santana v. United States, No. 96-5276, 1996 WL
596845, *1 (3d Cir. Oct. 18, 1996) (amended Nov. 14, 1996).  An incarcerated in forma pauperislitigant now must pay the full filing fee when he brings a civil action or files an appeal, although
he may pay on an installment plan.  28 U.S.C. § 1915(b).  Because Mr. Madden's affidavit of
poverty shows that he has only $5.11 in his prison account, has no other assets, and has received

an income of only $35.50 in the past two months, he is entitled to proceed in forma pauperis. However, if the PLRA is applicable to mandamus actions such as Madden's, he must somehow pay a fee of $100 in order to obtain judicial review of his petition.

## B.

The PLRA distinguishes between criminal and civil actions, and requires federal courts to collect filing fees only in the latter cases, where "a prisoner brings a civil action or files an appeal." Id. § 1915(b)(1). Yet a writ of mandamus is by its very nature outside the ambit of this taxonomy. It is not an "action", and, a fortiori, not a "civil action." A writ of mandamus, which is authorized by the All Writs Act, 28 U.S.C. § 1651, instead constitutes a procedural mechanism through which a court of appeals reviews a carefully circumscribed and discrete category of district court orders. See Martin v. United States, 96 F.3d 853, 854 (7th Cir. 1996) (mandamus is "a procedural step in the ... litigation."); Green v. Nottingham, 90 F.3d 415, 417 (10th Cir. 1996) (acknowledging that "[m]andamus proceedings have been considered outside of district court jurisdiction over 'civil actions,'" while concluding that writs of mandamus fall within the scope of § 1915 of the PLRA).

Neither is a writ of mandamus an "appeal." In the context of the PLRA, the word "appeal" clearly means the appeal of a civil action. See Martin, 96 F.3d at 854. While mandamus is typically characterized as an appellate power, id. (mandamus is "realistically a form of interlocutory appeal"), it is different in kind from an appeal. Indeed, a writ of mandamus may not issue if a petitioner can obtain relief by appeal; a petition for mandamus "must not be used as a mere substitute for appeal." 16 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 3932, at 185 (1977).

Because a writ of mandamus is neither a "civil action" nor an "appeal," our decision is not controlled by the plain meaning of the text. We must, of course, ensure that we have not frustrated congressional intent. See Stafford v. Briggs, 444 U.S. 527, 535 (1980) (concluding that a court should move beyond literal construction of a statute to effectuate "the objects and policy of the law") (citations omitted). The clear import of the PLRA is to curtail frivolous prison litigation, namely that brought under 42 U.S.C. § 1983 and the Federal Torts Claims Act. See Santana, 1996 WL 596845, at *3 (citing H.R. Conf. Rep. No. 104-378, 104th

Cong., 2d Sess. (1996)).

As a result, we agree with the courts of appeals that have held that where the underlying litigation is criminal, or otherwise of the type that Congress did not intend to curtail, the petition for mandamus need not comply with the PLRA. See Martin, 96 F.3d at 854–55 ("[T]he scope of the new Act should turn on whether the litigation in which it is being filed is within that scope."); In re Paul Nagy, 89 F.3d 115, 117 (2d Cir. 1996). This interpretation alone preserves the writ for prisoners who may have no other relief in a criminal action in which a court has exceeded its judicial power or failed to use its power "where there is a duty to do so." Lusardi v. Lechner, 855 F.2d 1062, 1069 (3rd Cir. 1988). In the case before us, Madden seeks a writ of mandamus relating to a habeas corpus action. This Court, in Santana, concluded that, because of the hybrid nature of habeas corpus actions and evidence that Congress did not intend to reform habeas corpus law in the PLRA, such actions were not subject to the Act's fee requirements. 1996 WL 596845, at *2–4. Therefore, Madden is not required to meet the fee obligations of the PLRA.

Another reason that Congress could not have intended that petitions for writ of mandamus fall within the scope of the PLRA is that seeking a writ of mandamus is often the only way a litigant can obtain review of certain orders or can compel a district judge to act. Congress has demonstrated a grave concern about delay in civil cases, see, e.g., Civil Justice Expense and Delay Reduction Plans, 28 U.S.C. §§ 471–482 (requiring district courts to implement plans intended in part to "ensure just, speedy, and inexpensive resolutions of civil disputes"). Mandamus petitions provide an avenue for dealing with the situation (which fortunately occurs infrequently) where cases have been unduly delayed in the district court. See, e.g., McDonnell Douglas Corp. v. Polin, 429 F.2d 30, 30–31 (3rd Cir. 1970) (ordering district court not to defer ruling on a motion for transfer until all discovery was completed).

We have also held that mandamus is the appropriate remedy when the district court ignores this Court's mandate. Blasband v. Rales, 979 F.2d 324, 328–29 (3rd Cir. 1992). In Alexander v. Primerica Holdings, Inc., 10 F.3d 155, 163 (3rd Cir. 1993), this Court held that mandamus is the proper way to seek review of a judge's order refusing to recuse under 28 U.S.C.

§ 455 where the judge's impartiality might reasonably be questioned. Mandamus in these instances serves not only to correct a harm to a litigant, but to preserve judicial integrity and public confidence. Review after final judgment might cure the harm to the litigant, but it would not cure the additional separate harm to the public confidence.

Because mandamus petitions fall outside the plain meaning of the PLRA, seesupra at 3-5, and the writ is an effective tool in exercising this court's supervisory powers, bona fide mandamus petitions, regardless of the nature of the underlying actions, cannot be subject to the PLRA.

### C.

A litigant should not be able to evade the PLRA by masking as a mandamus petition a paper otherwise subject to the Act. We will, therefore, require that any action improperly styled as mandamus must meet the fee requirements of the PLRA. It is the nature of the document, rather than the label attached by the litigant, that controls. This acknowledgment creates, however, a serious administrative problem in the processing of pro se litigation in the federal courts, particularly in the area of docketing. Where the PLRA applies, the petitioner must file an affidavit of poverty, a six-month account statement, and a form authorizing prison officials to withdraw money from his account; where it does not, the petitioner need only file an affidavit of poverty. Moreover, and more importantly, the Deputy Clerk receiving the papers, who is not law trained, will have to make a decision as to whether the PLRA applies in order to insure that the litigant has filed the proper documents. While the Deputy Clerk will, of course, be able to consult the legal staff within the Court, it will not always be easy to determine from the papers whether the PLRA applies to something styled as a mandamus because it really masks a civil action or appeal that is subject to the PLRA.

Because of the importance of these concerns to the administration of justice within the Circuit, we think that it will be useful for the Clerk's office to posit that a paper styled as a mandamus petition will not be subject to the PLRA unless it appears clearly that the styling is an effort to avoid the requirements of that Act. We also suggest that it follow the procedures set forth in the margin.

Of course, if a prisoner files a paper that is styled as a mandamus petition and that does not clearly appear to be an effort to avoid the requirements of the PLRA but that in fact

constitutes an appeal in a civil action, the PLRA would likely apply and a filing fee would have
to be collected.  This makes clear that the Clerk's office's treatment of questionable mandamus
petitions must be subject to review by the Court.

## II.

Turning to the merits of Madden's mandamus petition, we find no basis for
granting the petition for writ of mandamus.  Mandamus is an appropriate remedy in
extraordinary circumstances only.  Kerr v. U.S Dist. Ct., 426 U.S. 394, 403 (1976).  A petitioner
seeking the issuance of a writ of mandamus must have no other adequate means to obtain the
desired relief, and must show that the right to issuance is clear and indisputable.  See Allied
Chemical Corp. v. Daiflon, Inc., 449 U.S. 33, 35 (1980); Bankers Life & Casualty Co. v.
Holland, 346 U.S. 379, 384 (1953).

Madden asks this Court to issue an order directing the district court to decide his
case forthwith and to hold that his claims have been exhausted.  As we have noted above, an
appellate court may issue a writ of mandamus on the ground that undue delay is tantamount to a
failure to exercise jurisdiction, see, e.g., McClellan v. Young, 421 F.2d 690 (6th Cir. 1970), and,
without actually issuing a writ, may order a district court not to defer adjudicating a case.  SeeMcDonnell Douglas Corp., 429 F.2d 30-31.  Madden cannot demonstrate that a writ of
mandamus is warranted.  Because he can appeal the decision of the district court when a final
order is issued, Madden cannot demonstrate that no other adequate means of relief regarding the
issue of exhaustion exists.

Madden's claims of delay have greater force.  That resolution of Madden's claims
has been delayed is clear.  The Magistrate Judge's Report and Recommendation was filed in
February, 1996.  Madden filed objections in March and motions to amend the petition and for
appointment of counsel in April.  As of the time Madden filed his petition for writ of mandamus,
no action had been taken on these motions and no final order had been issued.  Although this
delay is of concern, it does not yet rise to the level of a denial of due process.  We are confident
that the district court will issue its decision quickly.

In sum, the motion to proceed in forma pauperis will be granted.  Because the
provisions of 28 U.S.C. § 1915(b) are inapplicable, no docketing fee will be assessed.  The

petition for writ of mandamus will be denied.  This denial is without prejudice to petitioner filing
a new petition for writ of mandamus if the district court does not act within 60 days of the date of
this order.