NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**IN RE FUSION-IO, INC.,**
*Petitioner.*

---

Miscellaneous Docket No. 139

---

On Petition for Writ of Mandamus to the United States District Court for the Eastern District of Texas in case no. 11-CV-0391, Judge Rodney Gilstrap.

---

**ON PETITION**

---

Before NEWMAN, PROST and WALLACH, *Circuit Judges.*

WALLACH**,** *Circuit Judge.*

## O R D E R

Fusion-IO, Inc. seeks a petition for a writ of mandamus directing the United States District Court for the Eastern District of Texas to transfer to the United States District Court for the District of Utah. Solid State Storage Solutions, Inc. opposes the petition.

This petition arises out of a complaint brought by Solid State Storage in the Eastern District of Texas,

charging Fusion-IO and eight other defendants with patent infringement. Fusion-IO moved to sever the infringement claims against it and transfer those claims to the District of Utah pursuant to 28 U.S.C. § 1404(a). On September 17, 2012, the Eastern District of Texas granted the motion insofar as severing the claims against Fusion-IO, consolidated the action against Fusion-IO with the originally-filed case for purposes of pre-trial proceedings, and denied Fusion-IO's motion to transfer without prejudice to refiling the same motion in the first-filed case.

Fusion-IO moved for reconsideration, but that motion was denied again without addressing the merits of the motion for transfer. The court explained that its September 17, 2012 order was administrative in nature and that it will address each motion to transfer venue, including Fusion-IO's motion, in a timely manner.

Fusion-IO now seeks from us a writ of mandamus directing the district court to transfer the case to the District of Utah. To warrant that relief, Fusion-IO must show (1) that it has no other adequate alternative means to attain the desired relief and (2) a "clear and indisputable" right to relief. *Cheney v. U.S. Dist. Court*, 542 U.S. 367, 380-81 (2004).

Fusion-IO's petition asks us, in effect, to bypass the district court's weighing of the facts and considerations relevant to its transfer motion, which we decline to do. We fully expect, however, for Fusion-IO to promptly request transfer in the lead case along with a motion to stay proceedings pending disposition of the transfer motion, and for the district court to act on those motions before proceeding to any motion on the merits of the action. *See In re Horseshoe Entm't*, 337 F.2d 429, 433 (5th Cir. 2003) ("As indicated earlier, Horseshoe filed its

motion to transfer timely and before it filed its answer and in our view disposition of that motion should have taken a top priority in the handling of this case[.]”); *McDonnell Douglas Corp. v. Polin*, 429 F.2d 30, 30-31 (3d Cir. 1970) (“[I]t is not proper to postpone consideration of the application for transfer under § 1404(a) until discovery on the merits is completed, since it is irrelevant to the determination of the preliminary question of transfer.”).

Accordingly,

IT IS ORDERED THAT:

The petition for a writ of mandamus is denied.

FOR THE COURT

/s/ Jan Horbaly
Jan Horbaly
Clerk

s19