NOTE:  This order is nonprecedential.

# United States Court of Appeals
# for the Federal Circuit

---

**IN RE RÉMY COINTREAU USA, INC.**
*Petitioner.*

---

Miscellaneous Docket No. 160

---

On Petition for Writ of Mandamus to the United States District Court for the Eastern District of Texas in No. 13-CV-0168, Judge Rodney Gilstrap.

---

## ON PETITION

---

Before DYK, MOORE, and TARANTO, *Circuit Judges.*

DYK, *Circuit Judge.*

## O R D E R

Before the court is Rémy Cointreau USA, Inc. ("Rémy")'s petition for a writ of mandamus seeking to direct the United States District Court for the Eastern District of Texas ("Eastern District of Texas") to transfer this case. We deny the petition.

### BACKGROUND

Respondent Lamina Packaging Innovations LLC ("Lamina") owns U.S. Patent Nos. 6,207,242 (the "'242 patent") and 7,348,067 (the "'067 patent"), covering certain technology relating to laminated packaging.  Rémy is

an alcoholic beverage company that produces cognac, liqueurs, spirits, and champagnes that are imported and sold in the United States.

In February 2013, Lamina filed a complaint in the International Trade Commission ("ITC"), alleging, inter alia, that the laminated packaging used by Rémy to import its alcoholic beverage products into the United States infringed the '067 patent and '242 patent in violation of 19 U.S.C. § 1337. Shortly thereafter, Lamina filed the underlying complaint against Rémy in the Eastern District of Texas, alleging infringement of the same two patents.

Rémy asked the Eastern District of Texas to stay the case in light of the ITC action pursuant to 28 U.S.C. § 1659(a). That provision specifies that where, as here, there are parallel proceedings before the ITC and district court, "at the request of a party to the civil action that is also a respondent in the proceedings before the [ITC], the district court shall stay, until the determination of the [ITC] becomes final, proceedings in the civil action with respect to any claim that involves the same issues involved in the proceedings before the [ITC]."

As this court has explained, pursuant to § 1659(a), "the district court must await a final decision from the Commission before proceeding with its action." *Fuji Photo Film Co. v. Benun*, 463 F.3d 1252, 1256 (Fed. Cir. 2006). Accordingly, the Eastern District of Texas granted Rémy's motion, and stayed proceedings "until the determination of the Commission becomes final." § 1659(a). Thus, when Rémy subsequently requested that the Eastern District of Texas transfer the case to the United States District Court for the Southern District of New

York[*] before the ITC proceedings had become final, the court unsurprisingly took no action.

DISCUSSION

Rémy seeks immediate review in this court. In its petition, Rémy asserts that § 1659(a) does not prohibit courts during a stay from acting on purely procedural motions such as a motion to transfer venue. Rémy therefore asks this court to direct the district court to transfer the case or at least compel the district court to take up the transfer request while the stay remains in place.

This court has authority to grant mandamus relief in a patent infringement action, 28 U.S.C. § 1651, but in seeking such relief, a petitioner bears a heavy burden. It must show (1) that it has a clear legal right to relief; (2) that there are no adequate alternative legal channels through which petitioner may obtain that relief; and (3) that the grant of mandamus is appropriate under the circumstances. *See Cheney v. U.S. Dist. Court*, 542 U.S. 367, 380-81 (2004); *Kerr v. U.S. Dist. Court for N. Dist. of Cal.*, 426 U.S. 394, 403 (1976).

Here, we are unable to say that this burden has been met. Even if Rémy's interpretation of § 1659(a) is correct such that the district court was not prohibited from acting on its transfer motion, it still does not follow that the court is compelled to grant the relief requested. In arguing to the contrary, Rémy can only call this court's attention to cases that stand for the proposition that district courts should decide a motion to transfer before addressing any substantive aspect of the case. *See, e.g., In re*

---

[*] Rémy filed a declaratory judgment action against Lamina involving the same patents in the Southern District of New York. Notably, that action is also stayed pursuant to § 1659(a) pending final disposition of the ITC proceedings.

*Horseshoe Entm't,* 337 F.3d 429, 433 (5th Cir. 2003); *McDonnell Douglas Corp. v. Polin,* 429 F.2d 30, 30 (3d Cir. 1970). Such concern is not present here in light of the fact that all proceedings have been stayed.

Rémy alternatively suggests that we should bypass the district court and direct it to transfer the case based on our assessment of the relevant factors. Section 1404(a), however, assigns to the district court the primary responsibility for determining whether the convenience of the parties and witnesses, and the proper administration of justice, call for transfer. *See In re Vistaprint Ltd.,* 628 F.3d 1342, 1346 (Fed. Cir. 2010). When questions arise as to whether a case should be transferred, it is our practice to allow the trial court to act on the motion in the first instance, and for us to review that decision only under a highly deferential standard of review. Rémy, of course, may seek mandamus if the stay is lifted and the district court denies the motion.

Accordingly,

IT IS ORDERED THAT:

The petition is denied.

FOR THE COURT

/s/   Daniel E. O'Toole
      Daniel E. O'Toole
      Clerk

s19