**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted July 27, 2011[*]
Decided August 23, 2011

*Before*

RICHARD D. CUDAHY, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 10-3828

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 01 CR 108-2 |
| DARYL SMITH, *Defendant-Appellant.* | Elaine E. Bucklo, *Judge.* |

**O R D E R**

Daryl Smith appeals from the district court's denial of his motion to clarify and amend the conditions of his supervised release. We affirm.

In 2001, while he was a Chicago police officer, Smith raided a drug stash to steal five kilograms of cocaine and $20,000 in drug money. Smith was not aware that the apartment

---

[*]After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and record. *See* FED. R. APP. P. 34(a)(2)(C).

he raided was actually maintained by the Federal Bureau of Investigation. He was convicted of theft of approximately $20,000 from the United States. *See* 18 U.S.C. § 641. The district court sentenced him to 10 years' imprisonment and 3 years' supervised release. The court ordered Smith to abide by the standard conditions of supervised release, including following the instructions of his probation officer, and submitting to mandatory drug testing, *see* 18 U.S.C. § 3583(d). Near the end of his imprisonment, Smith met with a probation officer, who informed him that he must sign a form acknowledging the terms of his supervised release as well as a notice acknowledging that his release would be revoked if he failed four drug tests in one year.

Smith filed a motion asking the district court to clarify and modify the terms of his supervised release. *See* 18 U.S.C. § 3583(e)(2). He argued that the probation officer's directive to sign the acknowledgment forms violated his due process rights because the court ordered no such requirement at the time of sentencing. Smith asked the court to clarify whether refusing to sign would violate the conditions of supervised release and thereby subject him to revocation of supervised release. He also sought to have the drug-testing requirement suspended since in his view he was not at risk for alcohol or narcotics dependency. The judge denied the motion, explaining that a probation officer may require a person under supervision to sign a form acknowledging the conditions of supervised release to ensure that he has notice of the conditions. The judge added that any possible revocation of supervised release for failing to sign was not an issue before the court. The judge declined to eliminate the drug-testing requirement, noting that Smith had not challenged the condition at sentencing.

On appeal Smith argues that the district court erred by allowing the probation officer to require him to sign the acknowledgment forms, a requirement he sees as violating his due process rights. We disagree. A sentencing court has broad discretion to set or modify conditions of supervised release. *See United States v. Lowe*, 632 F.3d 996, 997 (7th Cir. 2011); *United States v. Sines*, 303 F.3d 793, 800 (7th Cir. 2002). At sentencing the court conditioned Smith's release on his following the instructions of the probation officer, and a probation officer must "use all suitable methods, not inconsistent with the conditions specified by the court, to aid a . . . person . . . under his supervision." 18 U.S.C. § 3603(3). Supervised persons are entitled to notice of prohibited conduct that could lead to revocation of the release, *see* 18 U.S.C. § 3583(f); *United States v. Green*, 618 F.3d 120, 122 (2d Cir. 2010); *United States v. King*, 608 F.3d 1122, 1128 (9th Cir. 2010); *United States v. Arbizu*, 431 F.3d 469, 471 (5th Cir. 2005), and so requiring Smith to sign an acknowledgment form was not only consistent with the conditions the court set out at sentencing, but also a reasonable condition of his release, *see Wilson v. Kelkhoff*, 86 F.3d 1438, 1447 (7th Cir. 1996).

Smith also argues that the court erred when it declined to clarify whether his release would be revoked if he refused to sign the forms. Smith relies on the advisory committee

notes to Federal Rule of Criminal Procedure 32.1, which state that a supervised person should have an opportunity to obtain clarification of a condition of supervised release without first having to violate it. *See* FED. R. CRIM. P. 32.1(b) advisory committee's note (1979); *United States v. Lilly*, 206 F.3d 756, 762 (7th Cir. 2000). But procedural rights to clarification do not mean that a defendant like Smith is entitled to an advisory opinion of the consequences he might face for not complying with a probation officer's instructions. *See United States v. Russell*, 340 F.3d 450, 458 (7th Cir. 2003).

Smith argues that the court abused its discretion by declining to reconsider the drug-testing requirement. He maintains that he is not at risk for alcohol or drug dependency and that the court should not have conditioned his supervised release on drug testing. But drug testing is a mandatory condition of supervised release, *see* 18 U.S.C. § 3583(d). Although sentencing courts may suspend drug testing, they have broad discretion in deciding whether to exercise that authority, *see id.* §§ 3563(a)(5), 3583(d); *United States v. Paul*, 542 F.3d 596, 599-600 (7th Cir. 2008). Here, the district court reasonably declined to suspend testing without a showing that it was not necessary. As the court noted, if the drug tests repeatedly come back negative once Smith is released, he can then again seek to have the drug-testing requirement suspended.

Finally, Smith argues under Federal Rule of Civil Procedure 52(b) that the district court was required to make specific findings when ruling on his motions. But Rule 52, which instructs district courts to make specific findings on the record, applies only to bench trials in civil cases. *See* FED. R. CIV. P. 52(a)(1); *Freeland v. Enodis Corp.*, 540 F.3d 721, 739 (7th Cir. 2008). Even if Smith's case fell under Rule 52, subsection (a)(3) states that, unless another rule specifically requires it, courts need not state findings or conclusions when ruling on motions. Moreover, a district court is not required to make specific findings before modifying conditions of supervised release, *see United States v. Begay*, 631 F.3d 1168, 1171-72 (10th Cir. 2011); *Lowe*, 632 F.3d at 998; *United States v. Gammarano*, 321 F.3d 311, 315 (2d Cir. 2003), and the procedural requirements are even less stringent when, as here, the court refuses a request for modification, *see United States v. Nonahal*, 338 F.3d 668, 671 (7th Cir. 2003). Particularly in a case such as this, where the reasons for denying Smith's motions were obvious, the court was not required to make specific findings. *See Nonahal*, 338 F.3d at 671.

Accordingly, we **AFFIRM** the decision of the district court.