# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 5, 2011

No. 11-20319
Summary Calendar

Lyle W. Cayce
Clerk

BOBIE KENNETH TOWNSEND,

Plaintiff - Appellant

v.

BAC HOME LOANS SERVICING, L.P.,
formerly known as Countrywide Home
Loans Servicing, L.P.,

Defendant - Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:10-CV-3751

Before KING, JOLLY, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Bobie Kenneth Townsend, *pro se*, appeals the dismissal of his claims against BAC Home Loans Servicing, L.P. ("BAC"). We AFFIRM.

I.

In 2004, Townsend purchased property located at 1504 Memorial Lane in Conroe, Texas. He borrowed $99,900 from Countrywide Home Loans, Inc. The

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-20319

mortgage loan was secured by a deed of trust.  The deed of trust requires Townsend to discharge any lien which has priority over the deed of trust unless he "contests the lien in good faith by, or defends against enforcement of the lien in, legal proceedings which in Lender's opinion operate to prevent the enforcement of the lien while those proceedings are pending."  The deed of trust provides further that if he fails to do so, the lender may pay any sums secured by a lien which has priority over the deed of trust.  The Texas Tax Code provides that on January 1 of each year, a tax lien attaches to property to secure the payment of taxes and that such tax lien has priority over the claims of "any creditor of a person whose property is encumbered by the lien."  TEX. TAX CODE §§ 32.01(a), 32.05(b)(1).

Townsend alleged that he was aware that the property was contaminated by "Black Toxic Mold" when he purchased it.  He alleged that BAC's agent referred him to a website which indicated that his property taxes (which he refers to as "tax donations") would remain low so long as the property was damaged.

He alleged that the property taxes were increased by 500 percent for tax year 2005, and that he paid the taxes "under protest."  He did not pay the property taxes for tax year 2006.  In July 2007, a law firm representing the taxing authorities sent Townsend a letter demanding payment of the 2006 taxes. Townsend responded by letter, demanding, among other things, the attorney's Texas Bar Association card number and a copy of her license to practice law, as well as documentation that the property is located in Texas.  Townsend did not pay the property taxes for 2006, and again failed to pay the property taxes for 2007.  He alleged that he was protesting, and intended to file a counterclaim against the taxing authorities once they filed suit against him to collect the taxes.

2

No. 11-20319

In March 2008, Countrywide paid the 2006 and 2007 taxes and established an escrow account to cover the taxes. Townsend refused to pay the additional amounts into escrow. In April and July 2010, Townsend was given notice that his loan was in default. That August, he was served with notice that the property was scheduled for a foreclosure sale on October 5.

On October 1, 2010, Townsend filed suit against BAC in state court, seeking to enjoin the foreclosure sale. In his petition, he challenged BAC's standing to foreclose and asserted claims for negligent hiring, breach of fiduciary duty, theft, fraud, and violation of the Texas Deceptive Trade Practices Act. Construing the petition liberally, it is our understanding that the basis for these claims is that BAC did not have the right to pay the 2006 and 2007 property taxes and that BAC lacked standing to foreclose. The state court entered a temporary restraining order enjoining the scheduled foreclosure sale.

BAC removed the case to federal court and filed a motion to dismiss Townsend's petition for failure to state a claim upon which relief could be granted or, alternatively, a motion for a more definite statement. The district court dismissed all of Townsend's claims with prejudice, except the fraud claim, and gave Townsend seven days to file an amended complaint.

Townsend timely filed an amended complaint, asserting claims for common law fraud, statutory fraud, conspiracy to commit fraud, breach of contract, negligent misrepresentation, and violation of the Truth in Lending Act ("TILA"). Liberally construed, the basis for these claims seems to be that Countrywide induced him to make the loan by representing that the property taxes would not increase, and that he did not receive all of the notices required by the Truth in Lending Act.

BAC moved to dismiss Townsend's amended complaint for failure to state a claim upon which relief could be granted. Townsend filed a motion for default judgment, a motion to amend or supplement his complaint to invoke the

3

No. 11-20319

discovery rule, and a response to the motion to dismiss. The district court dismissed all claims with prejudice. The district court denied Townsend's motion for reconsideration. Townsend filed a timely notice of appeal.

II.

Townsend's brief is poorly organized, repetitive, and difficult to comprehend. The statement of facts consists primarily of arguments that the district court was biased and violated his due process rights, and that the district court clerk's staff was incompetent. In his statement of issues, he lists eight issues, but the argument section of his brief discusses ten arguments, which do not correspond to the issues listed in his statement of issues. As best we can understand them, Townsend's arguments on appeal appear to be:

(1) BAC defaulted by not answering the First Amended Complaint;

(2) the district court erred by allowing BAC to file a motion to dismiss in the same document as a motion for a more definite statement;

(3) the district court erred by dismissing the claims in the original petition;

(4) the district court erred by not giving reasons for the dismissal;

(5) BAC lacks authority to foreclose because it is not a holder in due course;

(6) the assignment of the deed of trust to BAC was fraudulent and, therefore, BAC lacks standing to foreclose;

(7) BAC breached the deed of trust by paying the property taxes without prior notice to Townsend;

(8) BAC breached its fiduciary duty to Townsend by misapplying his monthly note payments to the escrow account that it established without Townsend's consent, instead of applying the note payments to interest and then to principal;

(9) the district court erred by ignoring Townsend's request for leave to amend the complaint to invoke the discovery rule; and

4

No. 11-20319

(10) the district court erred by not remanding the case to state court.

Throughout his brief, Townsend complains that the district court judge was biased against him and in favor of BAC, and that BAC has committed "fraud upon the court." In his prayer for relief, he asserts that the district court judge should recuse himself and the case should be assigned to a different judge.

In a supplemental reply brief and appendix, Townsend presents new evidence and arguments that were not presented to the district court.

We review a dismissal "for failure to state a claim *de novo*, accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff." *Brown v. Continental Airlines, Inc.*, 647 F.3d 221, 225-26 (5th Cir. 2011) (internal quotation marks and citations omitted). "A plaintiff fails to state a claim when the complaint does not contain 'enough facts to state a claim to relief that is plausible on its face.'" *Del-Ray Battery Co. v. Douglas Battery Co.*, 635 F.3d 725, 728-29 (5th Cir. 2011) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Viewing the complaints in the light most favorable to Townsend, we find no reversible error in the district court's dismissal of his claims.

BAC was not in default, because it filed a motion to dismiss. *See* FED. R. CIV. P. 12, 55.

The Federal Rules of Civil Procedure do not prohibit the filing of a motion to dismiss in the same document as an alternative motion for a more definite statement. *See* FED. R. CIV. P. 12(g)(1) ("A motion under this rule may be joined with any other motion allowed by this rule.").

Townsend failed to adequately brief his contention that the district court erred by dismissing the claims in his original petition and failed to explain how the cases he cites entitle him to any relief on appeal.

The district court was not required to explain its reasons for dismissal. *See* FED. R. CIV. P. 52(a)(3).

No. 11-20319

There is no authority for Townsend's claim that BAC lacks authority to foreclose because it is not a "holder in due course."

Townsend's argument that the assignment of the deed of trust to BAC from the original beneficiary, Mortgage Electronic Registration Systems, Inc. ("MERS"), is fraudulent because it contains no corporate seal, as required by Section 16.033 of the Texas Civil Practices and Remedies Code, is meritless. Section 16.033 applies to instruments that convey real property, and the assignment of the deed of trust is not such an instrument.  Townsend's contention that MERS ceased to do business in Texas is unsupported and irrelevant to the validity of the assignment from MERS to BAC.

BAC did not breach the deed of trust by paying the delinquent property taxes, because Townsend did not contest the property tax lien in good faith through a legal proceeding.  Townsend was not entitled to notice of payment of the property taxes because the deed of trust provides that the Lender "may" give such notice.

There is no fiduciary relationship between BAC and Townsend and, even if there were, BAC did not breach it by paying the delinquent property taxes and establishing an escrow account.

It would have been futile for Townsend to amend his complaint to invoke the discovery rule because his own pleadings show that he knew or should have known the basis for his fraud, negligent misrepresentation, and TILA claims more than four years before he filed suit.  *See* TEX. CIV. PRAC. & REM. CODE § 16.004(a)(4) (four-year limitations period for fraud claims); *Exxon Corp. v. Emerald Oil & Gas Co., L.C.*, 348 S.W.3d 194, 202 (Tex. 2011) (two-year limitations period for negligent misrepresentation claims); 15 U.S.C. § 1640(e) (one-year limitations period for TILA).

The district court did not err by not remanding the case to state court.  *See* 28 U.S.C. 1332(a), 1447.

No. 11-20319

The grounds for recusal asserted by Townsend—the district judge has a line of credit from Bank of America and the judge did not read or acknowledge his pleadings or exhibits—are baseless.

Finally, we do not consider the new arguments and evidence that Townsend presents for the first time on appeal, in his supplemental reply brief and appendix.

For the foregoing reasons, the judgment of the district court is

AFFIRMED.