EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| William Pérez Vargas<br><br>Apelado<br><br>v.<br><br>Office Depot / Office Max, Inc.<br><br>Apelante | 2019 TSPR 227<br><br>203 DPR ____ |

Número del Caso: AC-2018-46


Fecha: 4 diciembre de 2019


Tribunal de Apelaciones:

    Región Judicial de Mayagüez-Utuado, Panel XI


Abogados de la parte apelante:


    Lcdo. Andrés Gorbea Del Valle
    Lcda. Erika Berríos Berríos


Abogado de la parte Apelada:

    Lcdo. Samuel Figueroa González


Materia: Derecho Procesal Civil - La Regla 42.2 de Procedimiento Civil releva a los tribunales de consignar sus determinaciones de hechos, cuando el pleito en su totalidad es resuelto mediante un dictamen sumario. Lo dispuesto en la Regla 36.4 de Procedimiento Civil solo es exigible cuando se deniega total o parcialmente una moción de sentencia sumaria.


Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| William Pérez Vargas<br><br>Apelado<br><br>v.<br><br>Office Depot / Office Max, Inc.<br><br>Apelante | **Núm.** AC-2018-0046 |

Opinión del Tribunal emitida por la Juez Asociada señora Rodríguez Rodríguez

San Juan, Puerto Rico, a 4 de diciembre de 2019

El presente recurso de apelación nos brinda la oportunidad de aclarar la interacción entre distintas reglas de Procedimiento Civil atinentes a la resolución de pleitos por la vía sumaria. Específicamente, corresponde evaluar la relación entre las Reglas 36 y 42.2 de Procedimiento Civil para determinar si el Tribunal de Apelaciones erró al concluir que, cuando se dispone de la totalidad de un pleito por la vía sumaria, el Tribunal de Primera Instancia está obligado a consignar en su sentencia los hechos incontrovertidos en los que fundamentó su dictamen.

**I.**

El 14 de septiembre de 2016, el Sr. William Pérez Vargas presentó una querella por despido injustificado al amparo del procedimiento sumario dispuesto en la Ley Núm. 2 de 17 de octubre de 1961, 32 LPRA sec. 3118. En síntesis, el señor Pérez Vargas alegó que fue despedido de su empleo con Office Depot / Office Max, Inc. (Office Depot) en violación a la Ley Núm. 80 de 30 de mayo de 1959, 29 LPRA sec. 185 *et seq.* (Ley Núm. 80). Así, solicitó el pago de la mesada

correspondiente a sus años de servicio con la compañía[1] y los honorarios de abogado.

Oportunamente, Office Depot contestó la querella y arguyó que el señor Pérez Vargas había sido despedido con justa causa de su empleo, de conformidad con las disposiciones de la Ley Núm. 80 y su jurisprudencia interpretativa. Específicamente, adujo que el señor Pérez Vargas había estado sujeto a un extenso proceso de disciplina progresiva durante el cual se le habían provisto múltiples oportunidades para mejorar su desempeño. Indicó que las evaluaciones del señor Pérez Vargas, incluyendo las autoevaluaciones suscritas por éste, reflejaban un patrón de desempeño deficiente. Asimismo, Office Depot señaló que el expediente de personal del señor Pérez Vargas develaba un historial de amonestaciones y la implementación de un plan de mejoramiento supervisado previo a su despido. En fin, Office Depot sostuvo que el despido del señor Pérez Vargas respondió a la negligencia en su trabajo, falta de liderato, incumplimiento con sus deberes y obligaciones y desorganización. Según explicó, estas circunstancias, en conjunto con las múltiples oportunidades concedidas para que el señor Pérez Vargas mejorara su rendimiento, no le dejaron a la Compañía otra alternativa que no fuese el despido.

---

[1] El señor Pérez Vargas solicitó una mesada ascendente a $47,988.00, más un 25% en honorarios de abogado. Según arguyó en su querella, se desempeñó como empleado de la Compañía desde septiembre de 1997 hasta el 2 de agosto de 2016, fecha en la que fue despedido.

Finalizado el descubrimiento de prueba en el caso y celebrada la conferencia con antelación al juicio ante el Tribunal de Primera Instancia, el 4 de abril de 2017, Office Depot presentó una *Moción de Sentencia Sumaria*. En ésta, se enumeraron diecisiete (17) hechos incontrovertidos con referencias expresas a la transcripción de la deposición del señor Pérez Vargas, las estipulaciones contenidas en el Informe de Conferencia con Antelación al Juicio suscrito por las partes y otros documentos. Entre los hechos incontrovertidos propuestos destacan los siguientes, según fueron enumerados en la *Moción de Sentencia Sumaria* presentada por Office Depot:

9. La evaluación anual de desempeño del querellante correspondiente al año 2012 refleja que su desempeño era insatisfactorio y por debajo de las expectativas de la Compañía.

10. En su auto-evaluación de desempeño correspondiente al año 2012, el propio querellante auto-evaluó su desempeño en tres (3) de las cinco (5) áreas (. . .) como "insatisfactorio".

11. La evaluación anual del desempeño del querellante correspondiente al año 2014 refleja que su desempeño "necesitaba mejorar" pues no cumplía con las expectativas de la Compañía. (. . .).

12. En su auto-evaluación de desempeño correspondiente al año 2014, el propio querellante auto-evaluó su desempeño en las cinco (5) áreas (. . .) como uno que "necesita mejorar".

13. La evaluación anual de desempeño del querellante correspondiente al año 2015 refleja que su desempeño "necesitaba mejorar" pues no cumplía con las expectativas de la Compañía. (. . .).

14. El 9 de febrero y el 5 de marzo de 2016, Ingrid Picó [supervisora] discutió con el querellante asuntos del departamento bajo su supervisión que era necesario mejorar.

15. El 11 de marzo de 2016, el querellante fue puesto en un Plan de Mejoramiento de

Desempeño. El mismo tenía una duración de sesenta (60) días que podía extender o acortarse por la Compañía. Como parte de dicho plan se le informó al querellante que de no mejorar su desempeño, podría ser despedido de su empleo. Las metas establecidas en el referido Plan de Mejoramiento de Desempeño fueron establecidas por el propio querellante.

17. El querellante no completó satisfactoriamente el Plan de Mejoramiento de Desempeño, por lo que fue despedido el 2 de agosto de 2016, más de cuatro (4) meses luego de haber comenzado el Plan de Mejoramiento de Desempeño.

*Moción de Sentencia Sumaria*, Ap. en las págs. 13-14. (citas omitidas).

Conforme a estos hechos, Office Depot arguyó que únicamente procedía aplicar el Derecho a su favor, lo que conllevaba concluir que el señor Pérez Vargas había sido despedido con justa causa y, por tanto, procedía desestimar con perjuicio su causa de acción al amparo de la Ley Núm. 80. Posteriormente, el 19 de junio de 2017, Office Depot presentó una *Moción para que se de por sometida Moción de Sentencia Sumaria sin Oposición* en la que arguyó que habían transcurrido más de setenta y cinco (75) días desde la presentación de su moción sin que el señor Pérez Vargas presentara su oposición. Subrayó que el incumplimiento de éste con los términos provistos era incompatible con el trámite sumario bajo el cual había presentado su reclamación.

No obstante lo anterior, el 29 de junio de 2017, la representación legal del señor Pérez Vargas presentó un escrito titulado *Réplica a Moción Solicitando Sentencia Sumaria y Solicitud de Sentencia Sumaria a Favor del*

*Querellante* (Réplica). En esencia, aceptó como hechos incontrovertidos la mayoría de los enumerados anteriormente, con excepción de los hechos número 9, 11 y 13. En cuanto a los hechos que estimó estaban en controversia (todos relacionados con los resultados de sus evaluaciones), planteó que el sistema de evaluación de Office Depot había cambiado durante los años 2012 – 2015, por lo que era necesario que se le permitiera contrainterrogar a su supervisora sobre esos cambios. Expuso, además, que sus evaluaciones para los años 2010 y 2011 eran satisfactorias. *Véase Réplica*, Ap. en las págs. 115-22.

Office Depot, por su parte, presentó una *Oposición a Réplica y Solicitud de Desglose de Moción de Sentencia Sumaria del Querellante*. En ésta, arguyó que tanto la réplica como la solicitud de sentencia sumaria presentadas por la representación legal del señor Vargas Pérez eran tardías, puesto que se habían presentado casi tres (3) meses después de la presentación de la *Solicitud de Sentencia Sumaria* de Office Depot sin que se hubiese solicitado prórroga para extender el término correspondiente. Para acentuar cuán tardía era la réplica y solicitud de sentencia sumaria del señor Pérez Vargas, Office Depot llamó la atención al hecho de que el escrito del recurrido había sido presentado más de un (1) mes después de la fecha de señalamiento inicial de juicio.[2]

---

[2] El juicio en su fondo fue recalendarizado porque el foro primario no había adjudicado la solicitud de sentencia sumaria presentada por Office Depot el 4 de abril de 2017.

Trabado así el trámite procesal, el 11 de septiembre de 2017, el Tribunal de Primera Instancia emitió una sentencia mediante la cual declaró con lugar la *Moción de Sentencia Sumaria* presentada por Office Depot. La sentencia fue notificada el 29 de enero de 2018. En ésta, luego de discutir brevemente la naturaleza y propósito de la sentencia sumaria, el foro primario consignó lo siguiente:

> Toda vez que no existe controversia de hechos materiales del presente caso, entendemos que el mecanismo de sentencia sumaria es el que mejor dispone de este asunto, por lo que procedemos declarar con lugar la solicitud de sentencia sumaria presentada por la parte querellada Office Depot/Office Max, Inc. **desestimando** la querella presentada sin formular determinaciones de hecho ni de derecho a tenor con la Regla 42.2 de Procedimiento Civil.

*Sentencia TPI de 11 de septiembre de 2017*, Ap. en las págs. 190-91 (énfasis en original)(escolios omitidos).

Inconforme, el 5 de febrero de 2018, el recurrido presentó una apelación ante el Tribunal de Apelaciones. En ésta, arguyó que el foro primario había errado al concluir que no existía una controversia de hechos materiales que ameritara la celebración de un juicio. Como segundo señalamiento de error, planteó que el Tribunal de Primera Instancia había errado al dictar sentencia sumaria sin formular determinaciones de hecho ni de derecho, a tenor con la Regla 42.2 de Procedimiento Civil. Oportunamente, Office Depot presentó su *Oposición a Apelación* en la que reiteró que la réplica del señor Pérez Vargas era inoficiosa y que, aún considerada en los méritos, no tenía el efecto de crear una controversia material de hechos que impidiera la resolución sumaria del pleito. En cuanto al señalamiento de

error de índole procesal, sostuvo que la Regla 42.2 de Procedimiento Civil expresamente eximía al juzgador de consignar en la sentencia las determinaciones de hecho cuando se disponía de la totalidad del caso por la vía sumaria.

Así las cosas, el 21 de marzo de 2018, el Tribunal de Apelaciones dictó una sentencia mediante la cual revocó el dictamen del Tribunal de Primera Instancia. En esencia, el foro apelativo intermedio concluyó que, conforme a la Regla 36.4 de Procedimiento Civil y la jurisprudencia reciente de este Tribunal, el foro primario estaba obligado a consignar en su sentencia los hechos que estaban incontrovertidos. Específicamente, dictaminó lo siguiente:

> Nuestro Tribunal Supremo ha enfatizado que ante una Moción de Sentencia Sumaria, los tribunales tienen el deber de establecer los hechos incontrovertibles y los que sí lo están. Tales determinaciones de hechos controvertidos e incontrovertidos facilitan el desfile de prueba, pues los hechos incontrovertidos se dan por probados. Asimismo, colocan a los tribunales apelativos en posición de ejercer su facultad revisora.

*Sentencia del Tribunal de Apelaciones de 21 de marzo de 2018*, Ap. en la pág. 448.

Inconforme con esta determinación, Office Depot presentó un recurso de apelación ante este Tribunal. En éste, planteó -como único señalamiento de error- que el Tribunal de Apelaciones había errado al concluir que el foro primario estaba obligado a cumplir con la Regla 36.4 de Procedimiento Civil al disponer de la totalidad de la reclamación por la vía sumaria. Así, sostuvo que el foro apelativo intermedio había interpretado incorrectamente las reglas procesales

aplicables y su jurisprudencia interpretativa para concluir que al declarar con lugar la moción de sentencia sumaria presentada por Office Depot y desestimar la querella, el foro primario venía obligado a consignar en su sentencia los hechos materiales que no estaban en controversia.

En atención a dictámenes del Tribunal de Apelaciones inconsistentes con la sentencia objeto de revisión, el 25 de mayo de 2018, este Tribunal acogió el recurso de apelación presentado.[3] Consecuentemente, las partes presentaron sus respectivos alegatos. Office Depot, por su parte, reiteró que la Regla 42.2 eximía al foro primario de consignar las determinaciones de hecho y las conclusiones de Derecho cuando resolvía una moción al amparo de las Reglas 36.1 y 36.2 de Procedimiento Civil, que fue lo que ocurrió en este caso.

El señor Pérez Vargas, por su parte, sostiene que el Tribunal de Primera Instancia incumplió con el requisito dispuesto en la Regla 36.4 de Procedimiento Civil, la cual exige que, para que los foros apelativos puedan ejercer debidamente su función revisora, los foros primarios deberán hacer constar los hechos que no están en controversia al disponer de la totalidad de una reclamación mediante el mecanismo de sentencia sumaria. Por último, insiste en que existía una controversia de hechos materiales en torno a los cambios implementados en el sistema de evaluación, por lo

---

[3] *Véase García Lozada v. Municipio de Naranjito*, KLAN-2017-1084; *Firstbank of Puerto Rico v. Murati Sepúlveda*, KLAN-2011-0452.

que el dictamen sumario era improcedente. Con el beneficio

de la comparecencia de ambas partes, estamos en posición de

resolver la controversia planteada.

## II.

Como cuestión de umbral, y en aras de propiciar una

resolución acertada y puntual a la controversia ante nuestra

consideración, es necesario aclarar que la Regla 36.4 de

Procedimiento Civil y su jurisprudencia interpretativa **no**

**aplican al presente pleito**.[4] Ello es así porque el texto de

la referida regla limita su aplicación a aquellas instancias

en las que el foro primario **no** decida el pleito en virtud de

una moción de sentencia sumaria. Sobre este particular, la

Regla 36.4 establece que:

> **Regla 36.4. Pleito no decidido en virtud de moción**
> Si en virtud de una moción presentada bajo las
> disposiciones de esta regla **no se dicta sentencia**
> **sobre la totalidad del pleito, no se concede todo**
> **el remedio solicitado o se deniega la moción,** y es
> necesario celebrar juicio, será obligatorio que el
> tribunal resuelva la moción mediante una
> determinación de los hechos esenciales y
> pertinentes sobre los cuales no hay controversia
> sustancial y los hechos esenciales y pertinentes
> que están realmente y de buena fe controvertidos,
> y hasta qué extremo la cuantía de los daños u otra
> reparación no está en controversia, ordenando los
> procedimientos ulteriores que sean justos en el
> pleito, incluso una vista evidenciaria limitada a
> los asuntos en controversia. Al celebrarse el
> juicio, se considerarán probados los hechos así
> especificados y se procederá de conformidad. A
> base de las determinaciones realizadas en virtud

---

[4] Tanto en la sentencia dictada por el Tribunal de Apelaciones como en el alegato presentado por la parte apelada se hace referencia a la determinación de este Tribunal en *Meléndez González v. M. Cuebas*, 193 DPR 100 (2015). En ese caso se determinó que los foros apelativos también están obligados a cumplir con lo dispuesto en la Regla 36.4 de Procedimiento Civil. Dado que esa regla no aplica al trámite procesal de este pleito, resulta innecesario referirnos a esa jurisprudencia.

de esta regla, el tribunal dictará los correspondientes remedios, si alguno.

32 LPRA Ap. V, R. 36.4 (énfasis suplido).

Claramente, esta regla procesal delimita las instancias en las que el tribunal estará obligado a resolver la moción de sentencia sumaria presentada "mediante una determinación de los hechos esenciales y pertinentes sobre los cuales no hay controversia sustancial y los hechos esenciales y pertinentes que están realmente y de buena fe controvertidos". *Id.* Conforme al texto de la regla, estas instancias son: (1) cuando no se dicta sentencia sumaria sobre la totalidad del pleito; (2) cuando no se concede todo el remedio solicitado, y (3) cuando se deniega la moción de sentencia sumaria presentada. *Id.* Estas tres (3) instancias conllevan, por supuesto, la celebración de un juicio en su fondo. Es justamente por ello que se le requiere al tribunal que consigne los hechos sobre los cuales no hay controversia, puesto que sobre éstos será **innecesario** pasar prueba durante el juicio. Así lo reconoció el Comité Asesor al incorporar esta exigencia, "a los fines de que no se tenga que relitigar los hechos que no están en controversia". *Informe de Reglas de Procedimiento Civil*, en la pág. 406 (Marzo 2008).

En el presente caso, ninguna de las tres (3) instancias que activa la Regla 36.4 de Procedimiento Civil se concretó. Ello, puesto que el Tribunal de Primera Instancia resolvió la totalidad del pleito en virtud de la moción de sentencia sumaria presentada por Office Depot. Al así proceder, el foro primario entendió que no existían controversias

materiales de hechos esenciales y que sólo procedía aplicar el derecho. Ello, al amparo de la Regla 36.2 de Procedimiento Civil que regula las solicitudes de sentencia sumaria a favor de una parte contra quien se reclama. Ésta dispone lo siguiente:

> Una parte contra la cual se haya formulado una reclamación podrá presentar, a partir de la fecha en que fue emplazado pero no más tarde de los treinta (30) días siguientes a la fecha límite establecida por el tribunal para concluir el descubrimiento de prueba, una moción fundada en declaraciones juradas o en aquella evidencia que demuestre la inexistencia de una controversia sustancial de hechos esenciales y pertinentes, para que el tribunal dicte sentencia sumariamente a su favor sobre la totalidad o cualquier parte de la reclamación.

32 LPRA Ap. V, R. 36.2.

La parte contra quien se reclama en un pleito, al presentar una moción de sentencia sumaria al amparo de esta Regla 36.2, deberá cumplir con los requisitos de forma preceptuados en la Regla 36.3 de Procedimiento Civil; a saber: (1) una exposición breve de las alegaciones de las partes; (2) los asuntos litigiosos o en controversia; (3) la causa de acción sobre la cual se solicita la sentencia sumaria; (4) una relación concisa, organizada y en párrafos enumerados de todos los hechos esenciales y pertinentes sobre los cuales no hay controversia sustancial, con indicación de los párrafos o las páginas de las declaraciones juradas u otra prueba admisible en evidencia donde se establecen estos hechos, así como de cualquier otro documento admisible en evidencia que se encuentre en el expediente del tribunal; (5) las razones por las cuales se

debe dictar la sentencia, argumentando el derecho aplicable,
y (6) el remedio que debe ser concedido. *Véase* 32 LPRA Ap.
V. R. 36.3.

Cumplidos estos requisitos, el inciso (e) de la
Regla 36.3 establece que:

> La sentencia solicitada será dictada
> inmediatamente si las alegaciones, deposiciones,
> contestaciones a interrogatorios y admisiones
> ofrecidas, en unión a las declaraciones juradas si
> las hay, u otra evidencia demuestran que no hay
> controversia real sustancial en cuanto a algún
> hecho esencial y pertinente y que, como cuestión
> de derecho, el tribunal debe dictar sentencia
> sumaria a favor de la parte promovente. El
> tribunal podrá dictar sentencia sumaria de
> naturaleza interlocutoria para resolver cualquier
> controversia entre cualesquiera partes que sea
> separable de las controversias restantes. Dicha
> sentencia podrá dictarse a favor o contra
> cualquier parte en el pleito. Si la parte
> contraria no presenta la contestación a la
> sentencia sumaria en el término provisto en esta
> regla, se entenderá que la moción de sentencia
> sumaria queda sometida para la consideración del
> tribunal.

32 LPRA Ap. V, R. 36.3(e).

Es decir, cuando no existe controversia sobre los hechos
materiales que motivaron el pleito, sólo resta que el foro
de instancia aplique el Derecho a los hechos
incontrovertidos. Véase *Oriental Bank v. Perapi*, 192 DPR 7,
10 (2014); *Const. José Carro v. Mun. Dorado*, 186 DPR 113,
128 (2012); *Mejías et al. v. Carrasquillo et al.*, 185 DPR
288, 299 (2012). No puede perderse de vista que, a fin de
cuentas, el propósito cardinal del mecanismo de sentencia
sumaria es proveer una solución justa, rápida y económica
para aquellos litigios de naturaleza civil en los cuales no
exista un conflicto o controversia genuina de hechos

materiales. Véase *Const. José Carro*, 186 DPR en la pág. 128; *Abrams Rivera v. ELA*, 178 DPR 914, 932 (2010); *Nieves Díaz v. González Massas*, 178 DPR 820, 847 (2010). Cónsono con esto, en el pasado hemos afirmado que -utilizado ponderadamente- el mecanismo de sentencia sumaria es un vehículo idóneo para descongestionar los calendarios de los tribunales y evitar el derroche de dinero y tiempo que implica la celebración de un juicio en su fondo. Véase *Carpets & Rugs v. Tropical Reps.*, 175 DPR 615 (2009); *Padín v. Rossi*, 100 DPR 259 (1971).

## III.

Como norma general, nuestro ordenamiento procesal civil requiere que las sentencias dictadas por los tribunales cumplan con ciertas exigencias de forma. A esos efectos, la Regla 42.2 de Procedimiento Civil preceptúa que "[e]n todos los pleitos, el tribunal especificará los hechos probados, consignará separadamente sus conclusiones de derecho y ordenará que se registre la sentencia que corresponda". 32 LPRA Ap. V, R. 42.2. No obstante, y en atención a que los pleitos resueltos por la vía sumaria solamente exigen que el foro sentenciador aplique el Derecho a los hechos incontrovertidos propuestos por el promovente -y que no fueron controvertidos por la parte promovida en su oposición- la Regla 42.2 también establece que:

> No será necesario especificar los hechos probados y consignar separadamente las conclusiones de derecho: (a) al resolver mociones bajo las Reglas 10 ó 36.1 y 36.2, o al resolver cualquier otra moción, excepto lo dispuesto en la Regla 39.2; (b) en casos de rebeldía; (c) cuando las partes así lo estipulen, o (d) cuando el tribunal así lo estime

por la naturaleza de la causa de acción o el remedio concedido en la sentencia. **En los casos en que se deniegue total o parcialmente una moción de sentencia sumaria, el tribunal determinará los hechos en conformidad con la Regla 36.4.**

32 LPRA Ap. V, R. 42.2 (énfasis suplido).

Conviene destacar que esta exención de consignar los hechos probados también estaba contemplada en la anterior Regla 43.2 de las Reglas de Procedimiento Civil.[5] El único cambio sustantivo es que en la nueva Regla 42.2 se añade un párrafo que remite a la Regla 36.4 únicamente "[e]n los casos en que se deniegue total o parcialmente una moción de sentencia sumaria". *Véase Informe de Reglas de Procedimiento Civil*, en la pág. 513 (marzo 2008). La exención, además, proviene de la Regla 52 de Procedimiento Civil federal.[6] Nótese, además, que la propia Regla 42.2 nos remite a la Regla 36.4 **únicamente** "[e]n aquellos casos en que se deniegue total o parcialmente una moción de sentencia sumaria". 32 LPRA Ap. V, R. 42.2. Sólo en esas instancias delimitadas

---

[5] Esa Regla disponía que no era necesario especificar los hechos probados y consignar separadamente las conclusiones de derecho: (a) al resolver mociones bajo las Reglas 10 ó 36, o al resolver cualquier otra moción, a excepción de lo dispuesto en la Regla 39.2; (b) en casos de rebeldía; (c) cuando las partes así lo estipularan, y (d) cuando por la naturaleza de la causa de acción o el remedio concedido en la sentencia, el tribunal así lo estimare. 32 LPRA Ap. II. R. 43.2.

[6] Dicha regla establece que "The court is not required to state findings or conclusions when ruling on a motion under Rule 12 or 56 or, unless these rules provide otherwise, on any other motion." Fed. R. Civ. P. R. 52, 28 USCA R. 52. Adviértase que el texto de nuestra regla actual supera el de la regla federal al disponer tres excepciones adicionales (casos de rebeldía, cuando las partes lo estipulen y en aquellos casos en los que, por la naturaleza de la causa de acción, el juez así lo determine).

los tribunales deberán consignar sus determinaciones de hechos.

Eximir a los foros sentenciadores de consignar los hechos probados en una sentencia dictada en virtud de una moción de sentencia sumaria responde a la propia naturaleza de ese mecanismo dispositivo en nuestra jurisdicción. Tal y como se indicó, el criterio rector para determinar si una controversia puede ser resuelta por la vía sumaria es que no existan controversias sustanciales sobre hechos materiales y sólo proceda aplicar el Derecho. Esto es, los hechos incontrovertidos propuestos por la parte promovente, de ser creídos por el Tribunal luego de examinar la evidencia documental en los que se sustentan, pasan a ser, para todos los efectos, los hechos probados sobre los cuales se aplicará el Derecho sustantivo. Así lo reconoce el tratadista José Cuevas Segarra al afirmar que "[l]a razón que se ha dado para esta norma es que, tanto bajo la Regla 10 como bajo la Regla 36, el tribunal adjudica meramente una cuestión de derecho". José A. Cuevas Segarra, *Tratado de Derecho Procesal Civil*, en la pág. 1244 (2da Ed. 2011).

Al evaluar los requisitos de forma impuestos por la Regla 42.2 de Procedimiento Civil, el tratadista Rafael Hernández Colón sostiene que las determinaciones de hechos probados que de ordinario se consignan en una sentencia no son más que el resultado del proceso adjudicativo al que se adentra un tribunal luego de celebrado el juicio en su fondo. Este proceso, a su vez consiste en "dirimir los conflictos que pueda haber, determinar la

credibilidad de los testigos, determinar qué documentos se tendrán por auténticos y determinar qué hechos se tendrán por probados". Rafael Hernández Colón, *Práctica Jurídica de Puerto Rico: Derecho Procesal Civil*, en la pág. 375 (5ta ed. 2010). Es decir, mediante las determinaciones de hechos "el tribunal determina los hechos que resultan probados de la evidencia presentada y los enumera, dirimiendo a la vez todo conflicto que haya existido sobre esos hechos en la prueba de las partes". *Id.* De ahí que no sea necesario formular determinaciones de hecho "al resolver mociones que pueden disponer finalmente de un pleito" como lo es una moción de sentencia sumaria. *Id.* en la pág. 376.

En *Roldán Rosario v. Lutrón, S.M., Inc.*, 151 DPR 883 (2000), este Tribunal tuvo ante su consideración una controversia relacionada con la anterior Regla 43.2, equivalente a la actual Regla 42.2. Allí, en lo pertinente, el Tribunal de Apelaciones revocó un dictamen desestimatorio del foro primario emitido al amparo de la entonces vigente Regla 10.2 de Procedimiento Civil. Ello, bajo el fundamento de que el Tribunal de Primera Instancia no hizo constar en su sentencia las determinaciones de hechos. Al evaluar esa controversia, este Tribunal concluyó, entre otras cosas, que el tenor de la Regla 43.2 era claro y que, conforme a éste, el tribunal de instancia no estaba obligado a exponer en su sentencia las determinaciones de hechos en que sustentó su decisión. Véase *id.* en la pág. 889.

De la misma manera, a nivel federal, al interpretar la contraparte de nuestra Regla 42.2, se ha confirmado que las

excepciones al requerimiento de consignar las determinaciones de hechos están justificadas en la naturaleza de los mecanismos procesales a los que alude la Regla 52(a). En el contexto de los dictámenes en los que se resuelve sumariamente un pleito, los foros apelativos federales -incluyendo el Tribunal Supremo de Estados Unidos- han sido consistentes en que la concesión de una sentencia sumaria a favor de una parte no requiere que el tribunal sentenciador haga constar las determinaciones de hechos y las conclusiones de derecho. *Véase* Wright & Miller, Federal Practice and Procedure, sec. 2575, Requirement of Findings (3ra ed.)("It is clear that the district court is not required to make findings in granting a motion for summary judgment under Rule 56."). *Véase además*, *Townsend v. BAC Home Loans Servicing, L.P.*, 461 Fed. Appx. 367, 372 (5th Cir. 2011); *U.S. v. Smith*, 443 Fed. Appx. 194 (7th Cir. 2011); *SPSL OPOBO Liberia, Inc. v. Marine Worldwide Services*, Inc., 442 Fed. Appx. 944 (5th Cir. 2011); *State Farm Mut. Auto. Ins. Co. v. Midtown Medical Center, Inc.*, 388 Fed. Appx. 125, 129 n.3 (3d Cir. 2010); *Orem v. Rephann*, 523 F.3d 442 (4th Cir. 2008).

Queda claro, pues, que la Regla 42.2 de Procedimiento Civil releva a los tribunales de consignar sus determinaciones de hechos al momento de disponer de una controversia por la vía sumaria. La referencia a la Regla 36.4 contenida en la Regla 42.2 -conforme al texto claro de ésta- únicamente se activa cuando la solicitud de sentencia

sumaria es denegada total o parcialmente y no cuando es concedida en su totalidad.

**IV.**

En el caso ante nuestra consideración, el Tribunal de Apelaciones revocó el dictamen objeto de revisión por entender que el foro primario había errado al no consignar las determinaciones de hechos en su sentencia. A esos efectos, devolvió el caso al Tribunal de Primera Instancia para que éste notificara una sentencia que cumpliera con la Regla 36.4 de Procedimiento Civil y, por tanto, que expusiera los hechos materiales incontrovertidos. *Véase Sentencia del Tribunal de Apelaciones*, Ap. en las págs. 447-48. Conforme la discusión que antecede, sin embargo, el Tribunal de Apelaciones erró al así proceder. Veamos.

Tal y como se discutió, lo dispuesto en la Regla 36.4 únicamente es exigible cuando se deniega total o parcialmente una moción de sentencia sumaria. En esas instancias, el propósito de consignar tanto los hechos **controvertidos como los incontrovertidos** es relevar a las partes de pasar prueba sobre estos últimos durante el juicio en su fondo y así promover la solución expedita del pleito. Dado que en el presente pleito el foro primario declaró con lugar la moción de sentencia sumaria, la Regla 36.4 de Procedimiento Civil es claramente inaplicable.

De otra parte, cuando el pleito en su totalidad es resuelto mediante un dictamen sumario -como ocurrió en este caso- el único hecho adjudicado es justamente la

**inexistencia de hechos materiales en controversia.**[7] Por tanto, no existe necesidad de consignar los hechos sobre los cuales no existe controversia, dado que éstos son los que fueron propuestos por la parte promovente en su solicitud. En el presente caso, el señor Pérez Vargas, como parte promovida, tuvo la oportunidad de controvertir esos hechos en su oposición, lo que no hizo. Por el contrario, una lectura de la réplica presentada devela que la mayoría de los hechos materiales relacionados con las razones detrás de su despido, según enumerados en la moción de sentencia sumaria de Office Depot, fueron admitidos por el señor Pérez Vargas. *Véase Réplica*, Ap. en la pág. 116. Así, al margen de las particularidades procesales que presenta este caso, aún de considerarse oportuna la réplica u oposición presentada por el señor Pérez Vargas ante el foro primario, de ésta no surgen hechos adicionales ni evidencia documental que tenga el efecto de controvertir los hechos propuestos por Office Depot.[8]

---

[7] *Véase Somers Coal Co. v. U.S.*, 2 FRD 532, 533 (N.D. Ohio, 1942) ("A case cannot be tried upon the facts if there is no dispute as to facts. The facts in this case were admitted by the motions and supplemented by the stipulation. **There need be no finding of facts where facts are not in issue.**")(énfasis suplido).

[8] En cuanto a este asunto, conviene destacar que, a pesar de que el señor Pérez Vargas insiste en que existe una controversia material de hechos que impide la resolución sumaria de su reclamación, éste esperó casi tres (3) meses para oponerse a la moción presentada por Office Depot y, a su vez, solicitar al foro primario -a destiempo- que dictara sentencia sumaria a su favor. A pesar de que el tribunal de instancia no atendió expresamente la solicitud de desglose presentada por Office Depot, el hecho de que la oposición del señor Pérez Vargas haya sido presentada tardíamente, de por sí, es suficiente para que los hechos propuestos en la moción de sentencia sumaria se entiendan admitidos. *Véase* 32

Al determinar que, en efecto, no existía controversia sobre los hechos que originaron la reclamación del señor Pérez Vargas, el Tribunal de Primera Instancia correctamente determinó que éste carecía de una causa de acción al amparo de la Ley Núm. 80. Al así proceder, y dado que estaba desestimando la reclamación incoada en su totalidad por la vía sumaria, prescindió, tal y como lo ordena la Regla 42.2, de consignar determinaciones de hechos. Consiguientemente, el Tribunal de Apelaciones erró al revocar el dictamen del Tribunal de Primera Instancia y ordenar a ese foro consignar los hechos incontrovertidos de conformidad con la Regla 36.4. Claramente, no estamos ante una de las instancias en las cuales esa regla se activa, por lo que procede revocar la sentencia dictada por el Tribunal de Apelaciones y reinstalar el dictamen del Tribunal de Primera Instancia en su totalidad.

Como se indicó, el texto de la Regla 42.2 diáfanamente exime a los tribunales de consignar sus determinaciones de hechos al momento de declarar con lugar una moción de sentencia sumaria. Asimismo, el texto claro de la Regla 36.4 únicamente exige que se consignen los hechos controvertidos e incontrovertidos cuando se deniegue total o parcialmente una moción de sentencia sumaria. En otras palabras, la única "excepción a la excepción" provista en la Regla 42.2 es la

LPRA, Ap. V, R. 36.3(d). Después de todo, fue el señor Pérez Vargas el que seleccionó tramitar su reclamación al amparo del procedimiento sumario dispuesto en la Ley Núm. 2, con los términos abreviados que allí se contemplan y las penalidades que el incumplimiento con éstos conlleva para el patrono querellado.

denegatoria parcial o total de una solicitud de sentencia sumaria. En este caso, el foro primario concedió la moción de sentencia sumaria en su totalidad, por lo que la única regla aplicable al formato de su dictamen es la Regla 42.2 de Procedimiento Civil.

**V.**

Por los fundamentos que anteceden, se revoca el dictamen apelado y se reinstala la sentencia dictada por el Tribunal de Primera Instancia.

Anabelle Rodríguez Rodríguez
Juez Asociada

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

William Pérez Vargas

    Apelado

       v.                    **Núm.** AC-2018-0046

Office Depot / Office Max, Inc.

    Apelante

SENTENCIA

San Juan, Puerto Rico, a 4 de diciembre de 2019

Por los fundamentos expuestos en la Opinión que antecede, se revoca el dictamen apelado y se reinstala la sentencia dictada por el Tribunal de Primera Instancia.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo. El Juez Asociado señor Martínez Torres concurre y hace constar la siguiente expresión a la que se une la Jueza Asociada señora Pabón Charneco:

> "El Juez Asociado señor Martínez Torres concurre porque considera que se debió devolver el caso al Tribunal de Apelaciones para que este, y no nosotros, adjudique el señalamiento de error restante de la apelación presentada allí".

El Juez Asociado señor Kolthoff Caraballo no intervino.


                    José Ignacio Campos Pérez
                Secretario del Tribunal Supremo